## Caspar Pipp et al. v. Albert Reynolds et al.

*Pleading in Assumpsit.* A special count in *assumpsit* averring that the defendants promised to perform an agreement made by a third party with the plaintiffs, the consideration for the defendants' promise being stated as moving from the third party to them, and there being no averment of any promise to the plaintiffs, would be demurrable ; and when upon the trial of an issue joined upon such a count, both parties proceed upon the theory that there was in fact no promise made by the defendants to the plaintiffs, and the count does not set

forth any facts from which a contract between the plaintiffs and defendants may be inferred, it is not error for the Circuit Judge to charge the jury that the plaintiffs cannot recover on the special count.

*Heard January 8. Decided April 5.*

Error to Wayne Circuit.

Caspar Pipp, Henry Spitzley, and Joseph Spitzley, brought an action of *assumpsit* in the Wayne Circuit Court against Albert Reynolds and Andrew Hess, setting forth their cause of action thus:

"For that whereas, heretofore, to wit, on the fourth day of March, A. D. 1868, one Roger Ecklin, was a partner in business with the defendant, Andrew Hess, and doing business with him, said defendant, under the firm name of Hess and Ecklin, and while the said Ecklin was so a partner of the said defendant, Hess, he, the said Ecklin, to wit, on the day aforesaid, did then, in consideration that the plaintiffs would make and perform certain repairs on the house of him, the said Ecklin, undertake and promise to pay to them, the said plaintiffs, the sum of three hundred and twenty-three dollars, ($323,) and did then and there also undertake and promise to pay to the said plaintiffs, so much for certain other repairs, which they, the said plaintiffs, should make and perform upon the house of the said Ecklin, as the same were reasonably worth, but it was expressly understood and agreed, that all and singular, the said work should be paid in painting, to be done by the said Ecklin for the said plaintiffs, whenever they, said plaintiffs, should require it. And the plaintiffs aver, that, in consideration, that the said Ecklin did release all and singular his interest in the said firm of Hess and Ecklin, and assign the same to the defendants; they, the said defendants, did undertake and promise to perform the said agreement between the said plaintiffs and the said Ecklin; and the said plaintiffs further aver, that all the repairs made by them upon the house of said Ecklin, were reasonably worth four hundred and seventy-one dollars ($471) and that *by*

*reason of the premises, and the promises and undertakings of the said defendants, they, said defendants, were, and are liable to pay to the plaintiffs, the sum of four hundred and seventy-one dollars, by doing and performing painting* for the said plaintiffs, whenever they, the said plaintiffs, should desire it. Yet the said defendants, not regarding their said promises and undertakings, did not do and perform the said painting for the plaintiffs, although often requested so to do, and have not paid to the plaintiffs the said sum of $471, and have hitherto, although often thereunto particularly requested, wholly neglected and refused so to do; by means whereof the plaintiffs have been, and are greatly injured to their great damage, one thousand dollars, and therefore, &c."

The declaration contained a second special count, substantially like the first, and the common counts. The defendants pleaded the general issue.

On the trial the plaintiffs introduced no evidence in support of the common counts of their declaration. The Circuit Judge charged the jury, as requested by the defendants, that the special counts of the plaintiffs' declaration did not allege a cause of action; and there being no testimony in support of the common counts, the plaintiffs could not recover, to which charge the plaintiffs excepted. The jury under the charge rendered a verdict for the defendants. The judgment entered on the verdict, is brought into this Court by writ of error.

*O. Kirchner,* for plaintiffs in error.

The contract is sufficiently set up in the special counts of the declaration, and if there be any defects, the defendants having pleaded over, they are effectually cured, and defendants cannot take advantage of them on the trial.

It is a well known and established rule of pleading that

a contract should be declared on according to its legal effect.—*1 Chit. Pl. 334.*

The declaration sets up a certain promise or agreement on the part of the defendants, the legal effect of which promise or agreement is, as alleged in the declaration, to wit: That the defendants were liable to pay *the plaintiffs* a certain sum of money in a certain way, etc. The defendant in error will insist that the special counts of the declaration ought in terms to charge a promise *to the plaintiffs* to pay them $470 in painting, etc.—*1 Chit. Pl. 331.*—I reply that the special counts, though not in precise terms, do virtually and in effect charge such a promise *to the plaintiffs.* There is really no distinction between an allegation of a promise by the defendants whereby they become liable to do a certain thing for the plaintiffs, and an allegation that the defendants made a promise *to the plaintiffs* to do that very same thing.—*Legat's Case Latch. 206 ; Bell v. Chaplain. Hardr. 321.*—At all events, the defendants cannot take this objection after pleading to the merits.

I submit that the declaration shows a *cause of action.* If A makes a promise, by reason whereof he becomes liable to do certain things for B, and which, though often requested, he neglects and refuses to perform, B certainly has a right of action against him. If that be so, the declaration shows *a cause of action,* and it is no matter that it is not set out in the declaration strictly according to the rules of pleading. The objection cannot be taken on the trial according to the rule laid down in *Kean v. Mitchell, 13 Mich., 207.*

*F. A. Baker and S. Larned,* for defendants in error.

I. It is well settled that where a declaration omits to state to whom the promise was made, it will be intended that the promise was made to the party from whom the consideration proceeded.—*1 Chitty on Pleading, 302 ; Com.*

*Dig., Action, Assumpsit, A. 5; Rolte v. Sharp; Croke's Charles, 77; Treat v. Scranton, 14 Conn. 445; 7 N. Hamp. 345, 351; 15 N. Hamp. 129.*

II. In the case at bar the declaration shows a consideration from a third person and not from the plaintiffs, and only states a promise to do painting *for them* without showing a *promise to them.* It is therefore defective even after verdict.—*1 Chitty on Pleading, 302; Price v. Easton, 4 B. & Ad., 433.*

GRAVES, J.

This case having been brought to trial upon the issue of fact and the evidence on both sides having been submitted, the Court instructed the jury that the special counts in the declaration did not allege a cause of action. The case was therefore decided by the Court upon the view taken of the special counts, it appearing to have been admitted that the plaintiff's cause of action, if any, was based upon them alone. They are framed in special *assumpsit* and purport to set forth the facts supposed by the pleader to constitute the express contract on which the plaintiffs sued. According to the facts so stated, it appears that upon a consideration moving wholly from one Ecklin, the defendants promised to perform a job of painting for the plaintiffs, which Ecklin had theretofore agreed with the plaintiffs to do for them; but it is not stated to whom this promise of the defendants was made. It is, however, alleged that by means of the premises, promises and undertakings therein before set forth, the defendants became liable to pay to the plaintiffs, &c.

This passage which alleges the liability of the defendants as a consequence of the circumstances set up, could have no effect whatever as a statement of the ground of action. It is the bare statement of the plaintiffs' conclusion of law, and not an allegation of fact, and unless the facts set forth should appear to warrant the conclusion, the de-

claration could receive no aid from it.—*Gould's Plead. c. 9,* § *29; Bailey v. Bussing, 29 Conn., 1* and cases cited; *Mc-Cune v. Norwich City Gas Co. 30 Conn., 521; Millard v. Baldwin, 3 Gray, 484; Granger v. Collins, 6 Mees. & Wels. 458.*

The declaration was clearly demurrable for not stating to whom the promise was made, but this defect, if the only one, would have been remediable on the trial, or after verdict for the plaintiff. The omission could have been supplied by intendment, and in my opinion that intendment might have been either that the promise was made to the plaintiffs or to Ecklin, as the one or the other harmonized with the real facts, and would support a verdict for the plaintiffs.—*Chitty's Plead.* (*Springfield Ed.*) *331; Lawes on Plead. in Assumpsit, pp. 92–93–95, margin,* (*Story's Ed.*) Whether the facts were consistent with an intendment that the promise was made to the plaintiffs cannot be determined from anything contained within the record. But when we observe that the briefs and arguments from the bar on both sides, proceeded upon the theory that no promise was in fact made to the plaintiffs, and that Ecklin was the actual promisee, it seems inevitable to conclude that the circumstances required that construction, and excluded any other intendment in support of the declaration. It, therefore, appears reasonable, in order to decide the case upon a theory consistent with the facts, as both parties represent them, to regard the special counts as we should if they had actually set forth the contract, sued upon in such form as to constitute Ecklin, from whom the consideration proceeded, the real and sole promisee.

The question is therefore whether these counts thus considered, disclose any cause of action in the plaintiffs, and I am of opinion that they do not. They are in special *assumpsit* upon the original contract itself, and not upon any right or duty of which that contract alone, or with other facts, would be matter of inducement.

PIPP *v*. REYNOLDS.

This contract as represented in pleading, appears to have been made exclusively between defendants and Ecklin while the plaintiffs who sue upon it are not shown to have been connected with the consideration or promise, or to have been privy to the transaction. It is true as the declaration shows, that so much of the agreement as related to the undertaking of defendants consisted of an engagement on their part, to perform a job which Ecklin had theretofore agreed with the plaintiffs to do for them; but this circumstance could not invest the plaintiffs with the right to recover of defendants in special *assumpsit*, on the express agreement to which they were strangers, any damages caused by the partial or total failure to perform that agreement. To such damages, the declaration shows no title in the plaintiffs.

Though as between Ecklin and the plaintiffs, the former is stated to have undertaken to perform the work, and as between defendants and Ecklin, the defendants are alleged to have promised to carry out that agreement, and thus making the performance of Ecklin's part of the first agreement one of the objects of the second agreement, yet no contract relation between the parties to this suit in respect to the last agreement, is shown, which could entitle the plaintiffs to recover damages for its violation by defendants.

The import of the facts as pleaded is that Ecklin, having agreed with the plaintiffs to do for them the job of painting, subsequently employed the defendants to execute the work, whereby the latter became Ecklin's sub-contractors and not promisors of the plaintiffs.

I think the judgment of the Circuit Court should be affirmed with costs.

The other Justices concurred.