## Nancy D. Osborn v. Ira Osborn and others.

*Partnership: New firm: Assuming debt of original firm: Promise to third person.* Where the creditor of a firm, holding firm notes, sues a new firm, composed of two members of the original firm and a third person to whom the third member thereof has sold out his interest under an arrangement that the purchaser should assume his share of the partnership liabilities, basing her right of action on the assumption by the new firm of her debt against the old, and a promise to her to pay it, it is error to treat the case as one coming within the principle of cases where a plaintiff counts on a promise made to a third person.

*Partnership: Dealing with creditors: Notice: Husband and wife.* Whatever is done by one member of a partnership in the course of the business, is presumed to be known to the others; and this presumption applies just as strongly to the acts of a partner who is the husband of a creditor of the firm, in his dealings with his wife as such creditor, as to his dealings with any other creditor.

*Partnership: New member: Assuming debts: Creditors: Accepting new firm as debtor.* The new member having covenanted, as between himself and the retiring partner, to pay the latter's share of the partnership liabilities, and the new firm having made payments on the plaintiff's claim, and the retiring partner having assigned to plaintiff all claim he might have against such new member on the agreement between them, and the plaintiff having thereupon brought this suit against the new firm, these

facts, appearing in evidence, would be sufficient to fairly warrant a jury in finding that plaintiff had accepted the new firm as her debtor in place of the old, and had consented to the substitution which the several partners among themselves had agreed upon.

*Submitted on briefs January 18.    Decided January 23*

Error to St. Clair Circuit.

*Chadwick & Voorheis,* for plaintiff in error.

*Brown & Farrand,* for defendants in error.

COOLEY, CH. J:

In this case the plaintiff was creditor of the firm of Osborn, Forsyth & Co., composed of the defendants Osborn and Dole and James Forsyth, and held their notes for the debt.    Forsyth sold out to John R. Taylor, who by written agreement undertook to assume Forsyth's share of the partnership liabilities.    The business was afterwards continued by Osborn, Dole and Taylor for about a year, when the partnership was dissolved by consent.    During the time the new partnership continued, interest was paid by it to the plaintiff on her claim, and the payments were entered on the partnership books.    Other debts of the old partnership were also paid by the new firm.  After the dissolution of that firm, plaintiff brought suit against its members, declaring generally on the common counts, and also specially on the assumption by the new firm of her debt against the old, and the promise to her to pay it.    Forsyth had previously assigned to plaintiff all claim he might have against Taylor on the agreement between them which is above stated.

The circuit judge thought the case came within the principle of *Pipp v. Reynolds, 20 Mich., 88; Turner v. Mc-Carty, 22 Mich., 265;* and *Halsted v. Francis, 31 Mich., 113.*    In each of those cases the plaintiff counted on a promise made to a third person, not to himself.    In this

36 MICH.—7.

case the plaintiff counts upon a promise made to herself, and the only question is, whether she establishes it.

That the new firm assumed the debt and made payments on it, is clear enough. Some reliance is placed on the fact that the financial man of the concern was the defendant Osborn, who was the husband of the plaintiff, and that it was not shown that the other defendants had personal knowledge of the payments made by him. But this is immaterial. Whatever is done by one member of the partnership in the course of the business must be supposed to be known to the others. And this presumption applies just as strongly to the acts of Osborn as to the acts of either of the others. The relationship to the plaintiff was of no importance whatever to the question of his authority to act for the firm.—*Moore v. Foote, 34 Mich., 443.* In justice to the parties, however, it ought to be remarked, that no circumstances of secrecy appear in the action of defendant Osborn, and it is reasonable to suppose that what he did was understood by his partners.

There is certainly evidence that the plaintiff accepted the new firm as her debtor in place of the old, and that she did not expect to hold Forsyth liable further. Her arrangement with him, and the bringing of this suit, are facts from which a jury would be fairly warranted in finding a consent to the substitution.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.