MORTIMER D. SMITH, IMPLEADED, ETC. v. JULIA A. VAN TINE.

*Consideration—Nudum pactum.*

The firm of A & B, through B, borrowed from Mrs. B and gave notes payable to other persons whom A supposed to be the lenders. Two of these notes were payable to C. In a suit by Mrs. B. for the money lent, it was held inadmissible for A to show in defense that he had made an arrangement with C whereby the latter was to look to B for payment of one of the notes, if he, A, would pay the other, and that he did pay it. C's promise was *nudum pactum.*

Error to Genesee.    Submitted Oct. 17.    Decided Oct. 29.

ASSUMPSIT.    Defendant Smith brings error.

*Long & Gold* for plaintiff in error.

*William Newton* for defendant in error.

COOLEY, J.  Complaint is made that the circuit judge, perhaps by inadvertence, so shaped his instructions to the jury as to withdraw their attention from the principal question of fact in the case, and to lead them to suppose no such question was made.    We do not agree in this criticism, but have no occasion to comment upon it.

The suit was brought by Mrs. Van Tine to recover the amount of small loans made by her to Smith and her husband John K. Van Tine, while they were in business together as partners.  Several little loans appear to have been made at different times, notes being taken therefor in the names of other parties who were supposed by Smith to be the lenders.  Two of them, including a note which is counted on in this suit, were made payable to Brown, who was cashier of the First National Bank of Flint.    Smith offered on the trial to show an arrangement made by him with Brown, while the latter was the apparent owner of these notes, that if Smith

would pay one of them he would look to Van Tine for the other, and that Smith made payment accordingly. The offer was rejected. No consideration for Brown's promise was pretended, and if made it was clearly *nudum pactum*. Besides, it appeared without dispute on this record that, as between the two partners, it belonged to Smith to pay the notes.

The principles involved in the case are covered by *Moore v. Foote*, 34 Mich., 443, and *Osborn v. Osborn*, 36 Mich., 48, and require no discussion here.

The judgment is affirmed with costs.

The other Justices concurred.