81 513
94 447

81 513
98 181

81 513
136 88

JAMES H. EDWARDS v. WILLIAM CLEMENT.

*Agreement with debtor to pay claim—Privity of contract.*

Creditors cannot recover upon an agreement made by a third person with the debtor to pay their claims, to which they are not parties, and which has not been assigned to them.

Error to Wexford. (Aldrich, J.) Submitted on briefs June 3, 1890. Decided June 27, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*J. R. Adsit,* for appellant.

*D. E. McIntyre,* for plaintiff.

LONG, J. Some time in August, 1887, John Campbell took a contract of the defendant to cut and haul saw-logs and hewn timber from the township of Boon, in Wexford county, to the Manistee river, for $5 per 1,000 feet for logs, and $35 per 1,000 cubic feet for timber. Mr. Campbell built his camp, made roads, hired men, and prosecuted the work until December 17, 1887, when by agreement he was released from his contract under the

following writing executed between himself and Mr. Clement:

"KNOW ALL MEN BY THESE PRESENTS, That John Campbell, of the city of Cadillac, in the county of Wexford and State of Michigan, of the first part, for and in consideration of the sum of three hundred dollars, lawful money of the United States, to him in hand paid by William Clement, of Traverse City, Michigan, of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents does grant and convey, unto the said party of the second part, and his executors, administrators, or assigns, all the camp equipments situated on section 28 in town twenty-two (22) north, range twelve (12) west, in Wexford county, Michigan, consisting of the following goods and chattels, to wit: 14 pair of blankets and comforters, one cook and heating stove, and furniture belonging to cook-stove, dishes, knives, forks, etc., and all the groceries and provisions now in said camp, and blacksmith tools, and everything belonging to said camp at this date, excepting the teams, logging sleighs, and chains, belonging to the party of the first part, and now in his possession at the above-named camps; to have and to hold the same unto the said party of the second part, and his executors, administrators, and assigns, forever.

"And the said party of the first part, for himself and his heirs, executors, and administrators, does covenant and agree to and with the said party of the second part, and his executors, administrators, and assigns, to warrant and defend the sale of said property, goods, and chattels hereby made, unto the said party of the second part, and his executors, administrators, and assigns, against all and every person or persons whatsoever. The said first party having contracted with the second party to cut, haul, and deliver in the Manistee river, certain pine timber on town 22 north, of range 12 west, in Wexford county, Michigan, and the said second party having released the said first party from the performance of said contract; and this bill of sale is given to secure the said second party for damages incurred to him by reason of said release, and said goods and chattels to be returned to the first party, excepting the groceries and provisions, in the spring of 1888, but to be held by the second party until then as security.

"In witness whereof, I have hereunto set my hand and seal on this 17th day of December, one thousand eight hundred and eighty-seven.

his<br>
"JOHN ✕ CAMPBELL.    [L. S.]<br>
mark.

"Signed, sealed, and delivered in presence of
SAMUEL F. LONG."

After this agreement was executed, Mr. Clement prosecuted the work, and put in the timber.

It appears that while Campbell was still going on with the work, and before he was released from it by Clement, he purchased some hay and straw from one Patrick Bulger. It is also shown that while Campbell was still prosecuting the work in putting in the timber, and before he was released by Clement, Felix Chetrand worked 7 days for him building camp, and also worked for him 27 days with his team; Mr. Campbell giving him a statement of his time. Mr. Chetrand also worked a few days for Mr. Clement, for which he received an order on Mr. Clement, given by one O. W. Kyle, for the sum of five dollars. Plaintiff purchased these claims, and brought suit on them in justice's court, and obtained judgment. The cause was appealed to the circuit court by defendant, and the judgment there affirmed; the amount being $104. Defendant bring the case here by writ of error.

On the trial the defendant asked the court to instruct the jury as follows:

"1. The plaintiff cannot recover on the order given by Campbell to Felix for team work performed previous to the time Campbell was released from his contract.

"2. The plaintiff cannot recover for the hay and straw sold by Patrick Bulger to Campbell.

"3. If the jury find that the item of $22.53 for hay and straw was furnished by Patrick Bulger before Campbell was released by the defendant, then the plaintiff cannot recover for this item.

"4. The plaintiff cannot recover in this case for any

labor performed by Felix previous to the time the defendant released Campbell from his contract.

" 5. The plaintiff cannot recover in this case for the hay and straw furnished by Patrick Bulger to Campbell previous to the time the defendant released Campbell from his contract."

These requests were refused.

On the trial it was claimed on the part of the plaintiff that, while Mr. Campbell was working on the contract to haul the logs and timber, these liabilities for the Chetrand work, and the hay and straw, for which the action is brought, were incurred by Mr. Campbell; that, at the time of the execution of the written agreement, it was further agreed between Campbell and Clement, though not incorporated in the written contract, that Campbell was to give the work of his four teams, and his own work, up to that time, and that Mr. Clement, on his part, in consideration thereof, was to pay all labor claims, and all claims for supplies, that had been incurred up to that time, and that Mr. Clement was at that time advised of what these claims were; that, after this arrangement and agreement were made, the parties, Campbell and Clement, went to a justice, and had the written bill of sale, which included the agreement to release Campbell, drawn. It is claimed on the part of the plaintiff that this oral agreement was for a separate and distinct matter, and one which grew out of the release of Campbell from the performance of the contract.

The claim of the defendant on the trial was that Campbell was losing money on the contract, and he released him from its terms in consideration that Campbell would turn over to him the work of his teams; he believing that the team for the work of which is charged by Chetrand belonged to Mr. Campbell. Mr. Clement admits that he agreed to pay for the work done in hauling while Campbell held the contract, not as an induce-

ment for Campbell to release his contract, but because the men would have a lien on the logs hauled.

Upon these theories, the court instructed the jury that if they found defendant promised to pay all these labor debts, and such promise was the inducement to Campbell to release his contract, and put in the time of his own teams, and that the claim of Chetrand was for work done while Campbell had the contract, and it was his team, and so represented by Campbell to the defendant, then plaintiff could recover for the value of such work of Chetrand and team. The jury were also directed that, if they found such agreement was made by which Clement was to pay for supplies furnished to Campbell, then they should find for the plaintiff for the value of the hay and straw, if they found that Bulger assigned the claim to the plaintiff. The questions arising under the Kyle order were also submitted to the jury.

Defendant insists in this Court that there was error in refusing each of his requests to charge, and that the court was in error in charging the jury that plaintiff could recover for these claims on the contract made by John Campbell with defendant, because there was no privity of contract between defendant and Mr. Bulger and Mr. Chetrand, from whom plaintiff purchased these claims. In this contention the defendant is correct. The original indebtedness was from Campbell to Bulger for the hay and straw, and to Chetrand for the work of himself and team. Admitting that in the arrangement between defendant and Campbell defendant agreed to pay these claims, yet there is no privity of contract between defendant and Bulger and Chetrand. They could not sue and recover upon a contract made by Campbell. They were not parties to it, and there is no claim that they ever released their right to sue and recover from Campbell,—no claim of novation,—and no claim that Campbell

ever assigned his agreement with the defendant to the plaintiff's assignors. The right to recover was based solely upon the agreement between Campbell and defendant, and the fact that the plaintiff, Mr. Edwards, had purchased for value the claims from Chetrand and Bulger. These facts did not create a right of action in the plaintiff. *Pipp v. Reynolds,* 20 Mich. 88; *Turner v. McCarty,* 22 Id. 265; *Hicks v. McGarry,* 38 Id. 667; *Berry v. Brown,* 107 N. Y. 659 (14 N. E. Rep. 289). We need not discuss the other questions.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.