## HARRIET A. WHEELER v. HOMER L. STEWART.

*Pleading—Amendment—Privity of contract—Right of action.*

1. Where a widow sues in her individual capacity to recover a demand belonging to her husband's estate, but which she claims as her own, evidence that she is administratrix and sole heir of the estate is properly excluded, no amendment being asked permitting her to maintain the suit as administratrix.

2. A husband bought an interest in a celery farm, and agreed to live on and work the farm. The vendor agreed that, if the husband became unable to attend to the business before his interest was paid for, he would refund the money paid, and pay him a fair compensation for his services, and, in case of his death, he would make such payment to the vendee's wife. The husband died while living on the farm, and the wife brought suit in her individual capacity to recover the moneys paid and for the services rendered by the husband. And it is held that the case comes within the general rule that a promise made by one person to another for the benefit of a third person, who is a stranger to the consideration, will not support an action by the latter; citing *Pipp v. Reynolds*, 20 Mich. 88; *Hunt v. Strew*, 39 Id. 368; *Hidden v. Chappel*, 48 Id. 527; *Edwards v. Clement*, 81 Id. 513.

Error to Lenawee. (Lane, J.) Argued November 17, 1892. Decided December 24, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*John B. Shipman,* for appellant.

*Wood & Bird,* for defendant.

GRANT, J. Plaintiff is the widow of Charles M. Wheeler, deceased. December 20, 1888, Wheeler entered into a written contract with the defendant to buy a one-third interest in his celery farm. Wheeler agreed to live upon the farm, and give his undivided attention to the business conducted thereon, and this was stated in the contract to be a large inducement for Stewart to make the sale. It was further agreed that, if Wheeler became unable to attend to the business before his interest was paid for, Stewart should refund to him all money paid by him, one-third of the expense money paid by Wheeler, and a fair and just compensation for his time and services; and, in case of Wheeler's death, it was agreed that such payments should be made to Wheeler's wife, if living; if not, then to his executors and administrators. Under this contract Wheeler lived on the celery farm from July, 1889, to the close of the season. He returned to the farm in January, 1890, where he continued to live until his death, in June of that year. Meanwhile he had made certain payments. It was conceded that Wheeler's services were worth $35 per month. For the value of these services, and the amounts paid upon the contract by her husband, Mrs. Wheeler brought suit in her individual capacity. At the conclusion of the evidence the court directed a verdict for the defendant, upon the ground that the plaintiff could not maintain the suit.

We think the instruction was correct. She was not a party to the contract, and had paid none of the consideration. If the contract were abandoned during Mr. Wheeler's life, the payments were to be made to him. At the time of his death, therefore, the title to the money was in him. It must, therefore, be held to belong to his estate. This case comes within the general rule that a promise made by one person to another for the benefit of a third person, a stranger to the consideration, will not support an action by the latter. *Pipp v. Reynolds*, 20 Mich. 88; *Hidden v. Chappel*, 48 Id. 527; *Edwards v. Clement*, 81 Id. 513; *Hunt v. Strew*, 39 Id. 368.

*Hidden v. Chappel* is especially applicable to the present case. Hidden was guardian of one William H. Fairman, an incompetent. Fairman's brother, Hiram, had obtained from him some money to enable Hiram to purchase a piece of land. Hiram sold the land to Chappel, who retained from the purchase price the amount due William, and agreed with Hiram that he would pay it to William whenever there was a person who could properly and legally receive it. The guardian was, of course, entitled to receive the money. In that case the promise was to William's brother. In this case the promise was to plaintiff's husband. If the promise to a brother will not support an action, for the same reason the promise to a husband will not support an action on the part of his wife.

Testimony was introduced showing that plaintiff was the administratrix of her husband's estate, and that neither she nor he had any children. On motion of defendant's attorney, this evidence was stricken out. This is claimed as error, under the following authorities: *Peet v. Knights of Maccabees*, 83 Mich. 92; *Wood v. Circuit Judge*, 84 Id. 521; *Smith v. Pinney*, 86 Id. 484. The answer to this is that plaintiff sued in her individual capacity, claiming the property as her own, and no amendment was asked per-

mitting her to maintain the suit as administratrix. An amendment cannot now be allowed, since the amount due is not conceded, and the case cannot, in this Court, now be disposed of upon the merits. She may, of course, still bring suit in her capacity as administratrix.

Judgment affirmed.

The other Justices concurred.