NANCY ANN LINNEMAN v. THE ESTATE OF JOSEPH A. MOROSS.

*Privity of contract—Right of action—Novation—Trust.*

1. An agreement by a son with his father, made in consideration of the revocation by the father of the provisions in his will in favor of his daughter, and the devise of the same property to the son, to which agreement the daughter is a stranger, to pay her $10 per month so long as she shall live, is not enforcible by her in an action at law; citing *Pipp v. Reynolds*, 20 Mich. 88; *Turner v. McCarty*, 22 Id. 265; *Hicks v. McGarry*, 38 Id. 667; *Hunt v. Strew*, 39 Id. 368; *Hidden v. Chappel*, 48 Id. 527; *Edwards v. Clement*, 81 Id. 513; *Wheeler v. Stewart*, 94 Id. 445.

2. A right of recovery cannot be sustained on the ground of novation, as the daughter had no claim against her father's estate which she could enforce, and it does not appear that she was ever consulted when her father revoked the gift to her and made the property over to her brother.

3. The law side of the court is not the proper forum in which to litigate the question whether a valid trust in favor of the daughter was not created by the transaction.

Error to Wayne. (Brevoort, J.) Argued November 15, 1893. Decided December 22, 1893.

Appeal from the disallowance of a claim against the estate of a deceased person. Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*Wells, Angell, Boynton & McMillan,* for appellant.

*Emery T. Wood, Edwin C. Bolton,* and *Moore & Moore,* for claimant.

LONG, J. This claim is for the payment of $10 per month from October 15, 1874, to April 16, 1890. It

involves a contingent claim for a like amount, monthly, so long as claimant lives. The commissioners on claims rejected it. Claimant appealed to the circuit court, and succeeded. The estate brings error.

The claimant and deceased were brother and sister, children of Antoine Moross. The claim is based upon a contract alleged to have been made in 1871 between Antoine and Joseph for the benefit of the claimant. Some time prior to 1871, Antoine Moross made a will, in which he gave Nancy, for life, 20 acres of land, and $200 in money. In April, 1871, he made a codicil to the will, whereby he revoked the gift to Nancy, and gave to Joseph what in the original will had been given to Nancy; stating before the revoking clause, "I have since made other provision for her maintenance during her natural life." Antoine died soon after. In 1875 Joseph conveyed to Nancy the land which had been originally devised to her, and she gave to Joseph on the same day the following receipt:

"MT. CLEMENS, February 15, 1875.
"Received of Joseph A. Moross deed of N. ½ of S. E. ¼ of S. E. ¼, sec. 26, town 2 north, range 13 east, in Macomb county, in full settlement of all claims between us.
"Witness: O. CHAPOTON.      ANN X LINNEMAN."
                                    her
                                    mark

It was established on the trial that Joseph promised Antoine, when the codicil to the will was made, that he would pay the $10 per month to Nancy so long as she lived. It was also shown that Joseph for a time paid Nancy the $10 per month, which she accepted; also, that in 1874 Nancy sued Joseph on this contract, and recovered judgment. But it was contended in behalf of the estate that the conveyance of the 20 acres of land to Nancy was in full settlement of the claim. It was also contended:

1. That no liability attached under the provisions of the codicil, and the promise of Joseph to his father to make

the payments to Nancy, as Nancy was a stranger to that contract and to the consideration for the promise.

2. That Nancy was guilty of laches.

On the other hand, it was also contended by claimant's counsel, on the trial below, that the claimant did not have sufficient intelligence to comprehend the alleged settlement.

The court directed the jury, substantially, that if they found that a contract was entered into between Antoine and Joseph to pay Nancy this sum, and that Nancy, when she made this settlement, was incapable of contracting, by reason of not having sufficient intelligence to understand its terms and conditions, the verdict must be for claimant for the contract price, less the value of the land deeded to her by Joseph.   The court was asked by the estate to charge:

" This action is based upon a contract made between Joseph A. Moross, deceased, and his father, Antoine Moross, deceased, to which Mrs. Linneman was not a party.  Mrs. Linneman, being a stranger to the contract, and to the consideration thereof, can maintain no action upon it."

This request was refused, and the jury found a verdict in favor of claimant for $742.33.

The court should have given the request of defendant's counsel in his charge to the jury.   There is no evidence that Nancy was a party to the contract between Antoine and Joseph.   Antoine, by his will, gave Nancy certain property and money.   He afterwards, by codicil, revoked the gift to Nancy, and made the same property over to Joseph, upon Joseph's promise to pay Nancy this monthly indemnity.   No consideration moved from Nancy, and we think the case falls within the rule that a promise made by one person to another for the benefit of a third—a stranger to the consideration—will not support an action by the latter.   This rule is settled in this State in *Pipp v. Reynolds*, 20 Mich. 88; *Turner v. McCarty*, 22 Id. 265;

*Hicks v. McGarry*, 38 Id. 667; *Hunt v. Strew*, 39 Id. 368; *Hidden v. Chappel*, 48 Id. 527; *Edwards v. Clement*, 81 Id. 513; *Wheeler v. Stewart*, 94 Id. 445. In the last-mentioned case it appeared that plaintiff's husband, in his lifetime, agreed with defendant to buy a one-third interest in the latter's farm, and to work it, and, if he died before his interest was paid for, the value of his services was to be paid to his widow, and the payments made were to be refunded. The husband died, and the widow, in her individual capacity, brought suit to recover the value of the services, and the amount which should have been refunded. It was held that she could not recover.

Counsel for claimant attempt to place the right of recovery on the ground of novation. It lacks the essential elements of a novation. Nancy had no claim against her father's estate which she could enforce, and it does not appear that she was ever consulted when her father revoked the gift to her and made the property over to Joseph. She released nothing. She had nothing to release. Claimant's counsel cite *Osborn v. Osborn*, 36 Mich. 48, and some other cases in this Court, to sustain the proposition that the transaction was a novation; but in *Osborn v. Osborn* it was said by this Court:

" The circuit judge thought the case came within the principle of *Pipp v. Reynolds*, 20 Mich. 88; *Turner v. Mc-Carty*, 22 Id. 265, and *Halsted v. Francis*, 31 Id. 113. In each of those cases the plaintiff counted on a promise made to a third person,—not to himself. In this case the plaintiff counts upon a promise made to herself, and the only question is whether she establishes it." .

Counsel also contend that, even though Nancy was a stranger to the contract, a trust was created in her favor which might be enforced; that the court would compel the representatives of Antoine to permit the use of their names for the purpose of recovering from Joseph's estate the fund for the benefit of Nancy, or that Antoine's representatives

could enforce the contract, on their own motion, for the benefit of Nancy. This may be true, and yet this action not maintainable. Here the claimant, in her own name, seeks in a court of law to enforce the payment under a contract to which she was never a party, and for which the consideration moved from another. If it can be enforced as a trust, even by the claimant, she is in the wrong forum for that purpose. These proceedings are in the nature of an action at law, where questions of fact are triable by a jury; and the question of whether it was a trust fund in the hands of Joseph, which, in equity, he should pay over to Nancy, could not be litigated in this forum. It may be true that Joseph took the property from his father under this will with a promise to pay Nancy these several sums of money, and that a court of equity would, under proper proceedings, enforce it for her benefit. When that question shall arise, the proper forum will have an opportunity to pass upon the question of Nancy's competency to make the claimed settlement, and the matter of her laches in not bringing the action sooner for the enforcement of the trust. Until these questions shall arise in a proper proceeding, we express no opinion upon them.

The judgment of the court below must be reversed. No new trial will be ordered.

The other Justices concurred.