AARON T. BLISS v. THE ESTATE OF CHARLES H. PLUMMER, DECEASED.

*Books of account—Evidence—Estates of deceased persons—Partnership—Privity of contract.*

1. Entries made by a bookkeeper upon the books of a deceased person during his lifetime, and by his express direction, are competent as admissions against the estate.[1]

---

[1] For cases involving the admissibility of books of account as evidence see *Seligman v. Ten Eyck Estate,* 49 Mich. 104; *Chipman v. Kellogg,* 60 Id. 438; *Countryman v. Bunker,* 101 Id. 218, and note.

2. In a suit against the estate of a deceased person for the amounts of certain notes made or indorsed by the claimant, and paid by him, the entries made by the bookkeeper of the decedent upon his books, at his express direction, showed that the notes were discounted by the decedent, and the proceeds credited to "Bills Payable;" that in the journal entries of the notes there was a memorandum "for me to pay," and in a separate book, on a page headed "Bills Payable," the notes were entered, with a memorandum showing when and where they were due. And it is held that the notes and the entries are so connected as to leave no room for doubt, and, in connection with the other proofs, are sufficient to warrant a judgment against the estate.

3. The individual promise of one member of a firm, made after the dissolution of the partnership, to pay certain notes made by the firm for the accommodation of the promisee, will not relieve the promisee from liability to pay the amounts of the notes to another member of the firm, who afterwards paid the notes, nor will such promise be available to the partner who paid the notes.[1]

Error to Saginaw.   (Wilber, J.)   Argued November 22, 1894.   Decided December 18, 1894.

Appeal from the allowance of a claim by commissioners on claims.   The estate brings error.   Affirmed.   The facts are stated in the opinion.

*Weadock & Purcell,* for appellant.

*Humphrey & Grant,* for claimant.

McGRATH, C. J.   Plaintiff presents a claim against the estate of Charles H. Plummer, deceased, for moneys paid out by plaintiff to take up certain notes, which he claims were made or indorsed for the accommodation of decedent, for certain moneys paid for decedent, and also for moneys loaned decedent.   Six of the notes were made by A. T. Bliss & Bro., and payable to the order of decedent; two were made by L. W. Bliss & Co., and indorsed by

---

[1] See *Webber v. Alderman,* 102 Mich. 638.

A. T. Bliss & Bro.; another was made by J. C. Caskey, payable to the order of decedent, and indorsed by A. T. Bliss & Bro.; and another was made by decedent, and indorsed by claimant. All of the notes were discounted by decedent, and the avails used by him. No question is raised as to the moneys paid out for, or loaned to, decedent.

Claimant caused to be produced decedent's books, from which it appears that, as each note was discounted, a journal entry of the transaction was made, the amount of the note was credited to "Bills Payable," the bank was charged with the proceeds of the note, less the discount, and "Interest and Discount" account was charged with the amount of the discount. Accompanying each journal entry was a memorandum such as, "Used Bay Co. Sav., for me to pay," or "my accom., and for me to pay." For instance, A. T. Bliss & Bro., on October 27, 1890, made a note for $5,000, payable to the order of C. H. Plummer. The note was indorsed by Plummer, and discounted on that date. The journal entry of the transaction is as follows:

"Ann Arbor Savings Bank,　　　Dr.　$4,878.33
Interest and discount,　　　　　　　121.67
Bills payable, 1,393, Cr. $5,000
A. T. B. & Bro. paper for my accom., October 27,
　4 mo."

In a separate book, on a page headed, "Notes and Bills Payable," the following appears:

"Date, Oct. 27. Time, 4 months. Drawers, A. T. Bliss & Bro. Favor of C. H. Plummer. No. 1,393. Due 27, 30. Amount, $5,000. March 2. Ann Arbor."

A witness was called who had been, for the entire period covered by these transactions, in Plummer's employ as bookkeeper, who testified that these entries upon the books were made in each instance by the express direction of Mr. Plummer. The notes were introduced, decedent's sig-

natures proven, and the places of discount shown.    The
counsel for the estate concede that the entries upon de-
cedent's books are competent as admissions against the
estate, but contend that they are not sufficient to establish
a claim based upon the payment of paper which upon its
face is the original obligation of the claimant.    There can
be no doubt but that these entries, taken in connection
with the other proofs, are sufficient to warrant a judg-
ment against the estate.    Decedent seems to have been
methodical in the keeping of his accounts and books.
This is not a case where the claim is sought to be estab-
lished by an isolated memorandum or a doubtful entry.
The notes and the entries are connected, and the transac-
tion identified so as to leave no room for doubt.    The
entries were made in the regular course of business in the
journal, and then, under the head of "Bills Payable,"
*memoranda* are made as to when they matured and where
payable.    The decedent has certainly indicated, in terms
that are susceptible of but one interpretation, that these
obligations were for his accommodation and for him to
pay.    *Howard v. Patrick*, 38 Mich. 805; *Thatcher v. Hayes*,
54 Id. 184; *Chipman v. Kellogg*, 60 Id. 438; *Macomb v.
Wilkinson*, 83 Id. 486.

A question is raised as to two notes of $2,500 each, one
made November 17, 1890, and the other November 20,
1890, each at three months.    The journal memorandum
in one case was, "Used Bay Co. Svgs., for me to pay,"
and in the other, "Used at the Home, and due there for
me to pay."    The firm of A. T. Bliss & Bro. was com-
posed of A. T. Bliss, L. W. Bliss, and L. D. Bliss.    The
firm dissolved November 25, 1890.    A witness testified that
February 19, 1891, L. W. Bliss told Mr. Plummer, in the
presence of the witness, that these two pieces of paper
were for him (L. W. Bliss) to pay.    Plaintiff was not
present at this interview.    The conversation occurred three

months after the dissolution of the firm. No claim is made that it was even intended as an admission that the firm of A. T. Bliss & Bro. were to pay this paper. Decedent's books clearly show that the paper was originally made by A. T. Bliss & Co. for decedent's accommodation. An agreement between Plummer and L. W. Bliss, made three months afterwards, perhaps in consideration of some transaction between them, would not relieve Plummer from his liability to claimant, or make the promise of L. W. Bliss available to claimant. *Pipp v. Reynolds*, 20 Mich. 88; *Hicks v. McGarry*, 38 Id. 667.

We think the court was right in directing a verdict for the claimant, and the judgment is therefore affirmed. It will be certified accordingly.

LONG, GRANT, and HOOKER, JJ., concurred. MONT-GOMERY, J., did not sit.