EDWARDS *v.* THOMAN.

1. BROKERS—COMMISSIONS—CONTRACTS.
    In a suit against the vendee for commissions on the sale of
    a land contract, evidence that the vendor told the defend-
    ant that there was $25 due the plaintiff, and he expected
    defendant to pay it, was insufficient to enable plaintiff
    to recover.

2. CONTRACTS—COMMISSIONS—PARTIES—CONSIDERATION.
    A promise made by one person to another for the benefit of
    a third person, a stranger to the consideration, will not
    support an action by the latter.

3. BROKERS—COMMISSIONS—EVIDENCE—DIRECTED VERDICT.
    Where plaintiff claimed that the vendor left money with the
    defendant to pay the commission, but there was no evidence
    to support the claim, the court should have granted de-
    fendant's motion for a directed verdict.

Error to Ingham; Collingwood, J. Submitted April
14, 1915. (Docket No. 75.)    Decided July 23, 1915.

Assumpsit by Daniel Edwards against Frederick
Thoman for commissions on the sale of a land contract.
Judgment for plaintiff. Defendant brings error. Re-
versed and no new trial ordered.

*Frank L. Dodge,* for appellant.

*Gardner & Hood,* for appellee.

BIRD, J. Plaintiff Edwards sued defendant in jus-
tice's court to recover a commission of $25 on the sale
of a land contract which he negotiated for one Veen-
stra. Judgment passed in both the justice's and cir-
cuit courts for the plaintiff, and the case is here at the
instance of defendant, who claims that he was entitled
to a directed verdict because there was no evidence

that the defendant ever promised or became liable to pay the commission.

The evidence disclosed that Veenstra, who resided in Grand Rapids, had the title to certain realty in the city of Lansing, upon which he had given a contract of sale, and that he was desirous of disposing of his interest in the property. The defendant, learning of it, suggested to Edwards, who was a real estate broker in Lansing, that if he would write to Veenstra and advise him that he would purchase the contract if a discount of 10 per cent. was allowed thereon he would pay him, for his trouble in writing the letter, the sum of $10. Plaintiff did this, and Veenstra at once came over to Lansing and closed the deal directly with defendant, in the absence of plaintiff. Veenstra informed defendant, when the deal was being closed, that plaintiff, Edwards, claimed $25 commission, and he should expect him, the defendant, to pay it.

We are unable to find in the record any testimony of a promise on the part of defendant to pay the commission to either Veenstra or Edwards. Veenstra recognized that he owed Edwards $25 as commission on the deal, and he said to defendant that he expected him to pay it, but it does not appear that defendant consented to pay it, and Veenstra does not testify that he did so consent, and we do not understand that it is claimed that defendant promised Edwards anything concerning it.

But if we assume, as counsel argues, that the testimony shows that defendant promised Veenstra that he would pay Edwards the commission, the case is made no better for the plaintiff. This state of facts brings the case squarely within the rule that a promise made by one person to another for the benefit of a third person, a stranger to the consideration, will not support an action by the latter. *Pipp* v. *Reynolds*, 20 Mich. 88; *Hidden* v. *Chappel*, 48 Mich. 527 (12 N. W.

687) ; *Edwards* v. *Clement,* 81 Mich. 513 (45 N. W. 1107) ; *Hunt* v. *Strew,* 39 Mich. 368; *Wheeler* v. *Stewart,* 94 Mich. 445 (54 N. W. 172) ; *Linneman* v. *Estate of Moross,* 98 Mich. 178 (57 N. W. 103, 39 Am. St. Rep. 528) ; *Randall* v. *Railways,* 134 Mich. 493 (96 N. W. 567). If defendant promised Veenstra that he would pay Edwards the commission, the promise must be enforced by Veenstra, and not by Edwards. It is therefore obvious that if we accept plaintiff's theory of the evidence, no recovery can be had by him against the defendant.

Another claim of plaintiff is that Veenstra, in closing the deal with defendant, left $25 with him to pay to Edwards. If it is true that defendant has money in his hands belonging to Edwards, he would be under an implied obligation to pay it over to him, and if he refused, it could be recovered in an action of assumpsit, but the difficulty with this theory is that there is no testimony to support it. The several items which go to make up the amount paid by the defendant to Veenstra correspond exactly with the consideration, and the item of $25 does not appear among the items to be paid. We are of the opinion that the plaintiff failed to make a case against the defendant, and that his motion for a directed verdict should have been granted.

The judgment will be reversed, and no new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.