## PRESTON *v.* PRESTON.

1. CONTRACTS—PARTIES IN INTEREST—RIGHT OF THIRD PARTY TO MAINTAIN SUIT—APPLICABILITY OF STATUTE.

On rehearing the case of *Preston* v. *Preston*, 205 Mich. 646, that part of the former opinion invoking the statute (3 Comp. Laws 1915, § 12361), providing that "in all equitable actions persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs," is eliminated, and the applicability of said statute is undetermined.

2. SAME—GENERAL RULE—EXCEPTION.

Where a blind daughter was present when an agreement between her father and mother, whose duty it was to support her, was made for her benefit, she was not a

stranger within the rule announced in *Modern Maccabees v. Sharp*, 163 Mich. 449, but rather a party to the contract, thus coming within the exception announced in *Palmer v. Bray*, 136 Mich. 85, and therefore could enforce the contract in equitable proceedings.

Appeal from Newaygo; Barton, J. Submitted January 29, 1919. (Docket No. 48.) Decided May 29, 1919. Resubmitted November 5, 1919. Former opinion affirmed December 22, 1919.

Bill by Nettie Preston against Shinar Preston and others for the reformation of a deed. From a decree for plaintiff, defendants appeal. Affirmed.

*William J. Branstrom* and *Charles B. Cross*, for plaintiff.

*White & Reber*, for defendants.

## ON REHEARING.

KUHN, J. In the majority opinion (205 Mich. 646), the second contention advanced by the counsel for the defendants — that the agreement made between two persons for the benefit of a third, a stranger to the consideration, will not support an action by the latter either at law or in equity—is answered by calling attention to section 12361 of 3 Compiled Laws of 1915, a part of the judicature act, and which section is set up in the opinion.

A rehearing was granted by this court for the reason that it appeared that the question of whether this section was applicable to the situation here presented was not argued in the briefs of counsel nor upon the oral argument, and briefs were invited and have been submitted with reference to this question. As there is a doubt in the minds of some of my associates as to the applicability of this statute, and as, for the pur-

pose of this case, after mature consideration, the decision with reference to this point may be rested on other grounds, it becomes unnecessary to invoke the statute, and that part of the majority opinion with reference thereto need not be considered to have any deciding force or effect.

By the decision of this court in *Knights of Modern Maccabees* v. *Sharp*, 163 Mich. 449 (33 L. R. A. [N. S.] 780), the conclusion with reference to this rule is stated to be that a stranger to a contract for whose benefit the contract is made cannot enforce it and that no difference should be made in proceedings at law and in equity, although it appears from an earlier decision of the court—the case of *Palmer* v. *Bray*, 136 Mich. 85—that the court said:

"It has been repeatedly held by this court that in a suit in equity a person for whose benefit a promise is made may enforce it in his own name. See *Corning* v. *Burton*, 102 Mich., at page 95 (62 N. W. 1040)."

It was there further said:

"* * * That principle has no application to this case, for several reasons. In this case, though the consideration (which was entirely adequate) was furnished by Betsey Doolittle, the mortgagor's promise to pay the principal was made to his children. They were not, therefore, strangers to the contract. On the contrary, they were parties to the contract. The cases relied on are not authority for the proposition that one may not enforce at law a promise made directly to himself on a consideration furnished by a third person, and it has been distinctly held that he may. See *Clark* v. *Clark*, 134 Mich. 602 (96 N. W. 924); *Rorabacher* v. *Lee*, 16 Mich. 169."

With reference to the general statement of the rule, see 30 Cyc. p. 34.

In announcing the rule in the *Maccabee Case, supra,* the late Justice OSTRANDER, in writing the opinion, had exceptions in mind for he said:

"'* * * To what extent and under what circumstances an exception to the rule should be recognized in favor of the enforcement by children of contracts (other than those creating trusts), made for their direct or indirect benefit, by persons nearly related to them or by those sustaining the duty to provide for them, is a subject which needs to be considered no further than this, that the mutual promises of a father and mother, who each hold the certificate of a beneficial association in which the other is named beneficiary, never to change the beneficiaries so named, create no legal or equitable interest of the children in the fund derived on the death of the surviving parent, although, if no such change had been made, they would have been the legal beneficiaries, and although the mutual promises of the parents contemplated that in such case they should be the legal beneficiaries."

Let us examine the situation before us. Here we have a girl, deprived of her eyesight, who claims to have been present when the alleged agreement was made. The duty to support her clearly rested upon the father and mother. Her story as to how the agreement was consummated is set forth in the record as follows:

"Next morning, it was soon after breakfast, I went into the front room and sat down in the chair on the west side of the room, and I could hear father near his desk on the east side of the room, and pretty soon I heard mother walking into the room and father spoke to her about going down town to sign the deed, and she says, 'Well, I haven't found out yet what I am to have,' and she says, 'I didn't intend to sign a deed unless a provision is made so that Nettie and I will have a plenty to depend on for our home and support,' and she says, 'I have decided that I will sign the deed if you will agree to give me $1,000, give Nettie a thousand dollars, you and I have a joint deed on the house and lot; and have it fixed in the deed so that when we are through with the home the house and lot and the contents will belong to Nettie and Nettie will have a home with us as long as we live, and you provide what we need for the home.' After wait-

ing a little bit, father says, 'Well, I will agree to that.' " * * *

It thus appears that when the agreement was made the party for whose benefit it was made was present and that it was in her hearing and within the confines of a small room. She was unable to see, but she clearly heard her father say in her presence that he would agree to the proposition as stated by the mother. Can it be said that under these circumstances the plaintiff was not privy to the contract? And was not, in effect, in the situation thus created, the promise made by the father directly to the blind girl?

We are of the opinion that the plaintiff was, under these circumstances, a party to the contract and that the situation comes under the exception to the rule referred to in the *Maccabee Case, supra,* and announced by this court in the case of *Palmer* v. *Bray, supra.* For a recent discussion of the New York rule, with reference to exceptions of this kind, see *Seaver* v. *Ransom,* 224 N. Y. 233 (120 N. E. 639).

As the above opinion reaches the same conclusion that the majority of the court reached before, the opinion heretofore announced is hereby affirmed.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.