CLAXTON *v.* MARGOLIS.

1. CONTRACTS—GENERALLY THERE MUST BE PRIVITY TO SUSTAIN ACTION—EXCEPTIONS.

  Generally, to sustain action on contract, there must be privity between parties thereto, and action may not be brought by one not party to it; but there are many exceptions to said rule.

On right of third person to sue on contract made for his benefit, see annotation in 25 L. R. A. 257; 2 L. R. A. (N. S.) 783.

2. SAME—WHEN ENFORCEABLE BY BENEFICIARY NOT PARTY TO CON-
TRACT.

   Right of person for whose benefit contract was made to enforce
   it, although not party to it, has been sustained where some
   obligation or duty rested on promisor to beneficiary giving
   latter legal or equitable claim to benefit of promise.

3. BROKERS—COMMISSION ON SALE OF LAND.

   Under 3 Comp. Laws 1915, § 11981, parol agreement to pay
   commission on sale of real estate is void.

4. SAME—FRAUDS, STATUTE OF.

   Where owner of real estate orally agreed to pay broker com-
   mission on its sale, and, on consummation of deal, at which
   broker was not present, inserted clause in written contract
   with purchaser agreeing to pay broker certain sum as com-
   mission, and he, on telephone, accepted amount stated, the
   statute of frauds (3 Comp. Laws 1915, § 11981) was satis-
   fied, and broker is entitled to recover agreed amount.

Error to Wayne; Murphy (Alfred J.), J. Sub-
mitted June 4, 1929. (Docket No. 32, Calendar
No. 34,371.) Decided October 7, 1929.

Assumpsit by Frank W. Claxton against Lillian
Margolis for real estate commission. From a judg-
ment for defendant, plaintiff brings error. Re-
versed, and remanded with direction to enter judg-
ment for plaintiff.

*David N. Harper,* for plaintiff.

*Bryant, Lincoln & Miller,* for defendant.

SHARPE, J. The plaintiff was employed by the
defendant to act as broker in the exchange of prop-
erty owned by her in Detroit for certain farm land
in St. Clair county. The deal was consummated by
an offer in writing on the part of defendant which
was accepted in writing by Charles E. Westaway.
Defendant's proposal contained the following:

"I further agree to pay the brokers a cash commission of $450 for the sale of the Detroit city property."

Plaintiff brought this action to recover this commission. The trial court, after referring to the statute (3 Comp. Laws 1915, § 11981), which requires that "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate" shall be in writing and signed by the party to be charged therewith, held that the writing signed by defendant created no privity between the parties hereto, and entered a judgment for defendant. Plaintiff seeks review by writ of error.

The record discloses that at the time the deal was consummated by the execution of the offer and its acceptance the plaintiff was not present. He was ill and at his home. When the matter of his commission was considered, defendant disputed the amount which he claimed, but finally offered to pay $450. Plaintiff was then called on the telephone, and consented to accept this amount. Defendant was then informed that "Mr. Claxton had consented to accept the $450 rather than have the deal called off at this time, and she said that was all right," and the provision for its payment was inserted in her offer.

Prior to the enactment of this statute, the parol promise of defendant to pay the plaintiff a commission might have been enforced. It was enacted to avoid the frequent disputes which formerly arose over such transactions. Had the undertaking of the defendant been written on a separate paper and delivered to the plaintiff, his right of recovery would be assured. There is here, however, an acknowledgment in writing on the part of the defendant of plaintiff's employment, of the service rendered by him for her, and a promise on her part to pay him

the amount stated as compensation therefor. This promise, while included in the offer to sell made by her, should, in view of the conversation then had with plaintiff over the telephone in her presence, be treated as a promise made to him.

Much has been said by the courts and text-book writers as to the right of a person not a party to a contract to enforce a provision made therein for his benefit. 6 R. C. L. p. 881 *et seq.;* 13 C. J. p. 703 *et seq.* (The authorities are cited at length in the footnotes to these texts.) The general rule is that there must be privity of contract between the parties thereto, and that no action can be brought upon a contract except by a party to it. To this rule there are many exceptions, as will be found in the cases above referred to. This court has on several occasions sustained the right of a person for whose benefit a contract was made to enforce it although not a party to it. *Preston* v. *Preston,* 207 Mich. 681; *Clark Memorial Masonic Ass'n* v. *Colman's Estate,* 222 Mich. 599. There must, however, be some obligation or duty resting upon the promisor to the third person, giving him a legal or equitable claim to the benefit of the promise. The parol agreement under which plaintiff performed the services for defendant was void under the statute. To permit him to recover, he must secure written evidence that such an agreement was made. The proofs disclose that, while the plaintiff was not present at the time the contract was executed, an agreement was at that time reached between him and the defendant as to the amount he should receive for the service rendered by him in disposing of defendant's property, and a memorandum of this agreement was inserted in the contract. The only purpose in doing so was to secure such written evidence of their agreement as would satisfy the statute.

In *Lister* v. *Sakwinski,* 206 Mich. 121, a somewhat similar action was brought, and, although it was held that the clause inserted in the contract was insufficient to sustain the action, it was said:

"Under the statute of frauds (3 Comp. Laws 1915, § 11981) an agreement to pay commission on the sale of real estate must be in writing. We do not consider the question of whether this agreement complies with the statute, but we entertain no doubt in light of all the surrounding circumstances that the insertion of this clause in the contract was for the purpose of making written evidence of the agreement of the parties with their respective brokers to pay to them—each of them—their commission on the respective properties."

See, also, *Purdy* v. *Law,* 212 Mich. 275.

Having in mind the circumstances under which the contract was signed by defendant, we are of the opinion that the clause inserted therein satisfied the statute and may be relied upon by plaintiff to sustain a recovery.

The judgment entered is reversed and set aside and the cause remanded with direction to enter a judgment for plaintiff for $450, with interest thereon and costs of both courts.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred. The late Justice FELLOWS took no part in this decision.