## BROWN v. FORD MOTOR CO.
### No. 358.

Circuit Court of Appeals, Tenth Circuit.
April 1, 1931.

Joseph R. Brown and James B. McDonough, both of Ft. Smith, Ark., and Streeter B. Flynn, of Oklahoma City, Okl., for appellant.

J. H. Everest, of Oklahoma City, Okl. (M. W. McKenzie, Robt. K. Everest, E. E. Gibbens, and Jno. H. Halley, all of Oklahoma City, Okl., Clifford B. Longley, and Wallace R. Middleton, both of Detroit, Mich., and J. B. Dudley, of Oklahoma City, Okl., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant complains of an adverse judgment on a demurrer to his amended petition in an action he brought to recover damages upon an assignment by the Dick Bruun Company of "any and every cause of action it has or might have against the Ford Motor Company," either singly or jointly with him. We review the material averments of the petition, but in condensed form.

The Bruun Company had a Ford agency at Marion, Ohio, under a written agreement of June 2, 1924, with the branch manager of the Ford Motor Company at Columbus, Ohio, for the purchase and sale of automobiles and accessories. By its terms the agreement was to be in force until canceled by either party.

Dick Bruun, the president of the Bruun Company, husband of the plaintiff's sister, died in March, 1926. Six days later the Columbus branch manager of the defendant notified Mr. Chambers, the secretary of the Bruun Company, that the agency contract was canceled. The plaintiff then went to Highland Park, Mich., and, in a conference there with Edsel B. Ford, president of the defendant company, requested permission to run the Marion agency until it could be disposed of advantageously, to which Ford replied the defendant "would co-operate in every way with Brown in working out the said business, in an effort to help him dispose of it in a way to save as much as possible for his sister," and further that "under any circumstance, the Ford Motor Company will not change agents in Marion during the busy season, if you can see your way clear to run the business." The plaintiff promised Ford he would supervise the business, and advised Ford he would see that it was run properly, put Chambers in charge, and, when the agency should be sold, he wanted the successor to purchase the building which was recently erected by the Bruun Company and was too large for any other business, and the business would be sacrificed by a forced sale. Ford then repeated his statements, and added he would write to the said branch manager about their conference. Relying on the agreement with Ford, in behalf of the defendant, plaintiff acquired a share of stock in the Bruun Company, becames its president, economized its policy, temporarily operated the business, sought prospective purchasers, placed Chambers in active management, and later advanced $17,000 to the company.

On June 17, 1926, the defendant, in violation of the contract under which the Bruun Company was operating, notified Chambers in writing that the contract was at an end, and the Columbus branch from which cars and supplies were obtained refused thereafter to sell them to the Bruun Company. The plaintiff claimed the Bruun Company sustained damages from a breach of the contract by way of depreciation of the building, losses in the sale of supplies and used cars and in

the profits from May to October, and added expense in collecting notes and accounts.

The demurrer which challenged the petition for want of sufficient facts to constitute a cause of action was sustained, and, the plaintiff electing not to plead further, a judgment was rendered dismissing the action.

There is no contention that the original agency contract was not cancelled in keeping with its terms. The action was based solely on the breach of a new contract to continue the agency between the defendant and the plaintiff for the benefit of the Dick Bruun Company. This contract was made in Michigan, performance was due in Ohio, and the forum of suit was in Oklahoma. The appellant, as the assignee of the Bruun Company, can make claim only to the rights it acquired by the contract. If the company had no cause of action on the contract, then the plaintiff succeeded to none by the assignment to him. The company was not a party to the contract, but a mere beneficiary. The inquiry is therefore whether the contract conferred an enforceable right upon the company.

Counsel for appellant concede that under the laws of Michigan a third party may not enforce a contract made for his benefit. But they mistakenly apply to the contract the laws of Ohio and Oklahoma. The question is not where or how it may be enforced, but whether it affords a right of action at all; in other words, whether it is a valid contract in favor of the Bruun Company.

Counsel for appellee also err in contending that the laws of Michigan are presumed in the absence of contrary averment to be the same as those of Oklahoma, and that this contract is invalid when tested by section 5035, Comp. Okl. Stat. 1921, which provides that a written contract may be modified only by another in writing or an executed oral agreement. The presumption obtains in the state courts, but it does not where as in this case the suit was originally brought in the federal court, which takes judicial knowledge of the laws of all the states. 7 Ency. U. S. Sup. Ct. Rep. pp. 692, 693; Martin v. Balt. & O. R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293.

While the performance of a contract is governed by the law where it is to be performed and the remedy by the law where suit is brought, all matters which bear upon the execution, interpretation, and validity of the contract are determined by the laws of the place where it is made. Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245; Northwestern Mut. Life Ins. Co. v. McCue, 223 U. S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57; Federal Surety Co. v. Minneapolis S. & M. Co. (C. C. A.) 17 F.(2d) 242.

The force and effect of the contract depend, therefore, on the laws of Michigan. The decisions in that state hold that a right of action at law is not available to a third party where no duty or obligation rests on the promisor toward such party. Linneman v. Moross' Estate, 98 Mich. 178, 57 N. W. 103, 39 Am. St. Rep. 528; Edwards v. Clement, 81 Mich. 513, 45 N. W. 1107; Preston v. Preston, 205 Mich. 646, 172 N. W. 371; Claxton v. Margolis, 248 Mich. 199, 226 N. W. 820; Williston on Contracts, vol. 1, p. 694.

Applying these decisions, a breach of the contract in question could not be enforced by the Bruun Company or by the plaintiff as its assignee.

The result is the judgment of the District Court should be, and it is accordingly, affirmed.