## John Rorabacher v. James B. Lee.

*Evidence: Agreement: Several and distinct right of action.* Defendant in error sued plaintiff in error upon the following agreement:

"GREENOAK, October 8th, 1861.

I hereby agree to pay to James B. Lee one hundred and twenty-five dollars, and to Ira Case one hundred and ten dollars, by the first day of April, A. D. 1862; provided Wm. M. Power execute to me a good and legal title of the east ½ of the north east ¼ of section twenty, in range one, north of six east, according to the conditions of a certain bond executed by Wm. M. Power to me, April 16th, A. D. 1861.

JOHN RORABACHER."

*Held,* that said agreement gave a several and distinct right of action to Lee and Case when the condition precedent was performed by Power, or waived by Rorabacher. *Held further,* that the bond referred to in said agreement was an essential part of the same, and was competent evidence in a suit thereon.

*Bond of indemnity: Condition precedent: Waiver.* It appeared that previous to this suit, Power executed to Rorabacher (defendant below) a warranty deed of the land mentioned in the agreement, and that a prior grantor executed in addition a bond with a surety indemnifying Rorabacher against all defects in the title, and that he accepted the same and settled with Power. *Held,* that this operated as a performance of the condition mentioned in the proviso in said agreement, or as a waiver; and that in either view Rorabacher's contract to pay the plaintiff became from that moment absolute.

*Pleading and Evidence: Variance.* The declaration alleged that the said bond of indemnity was executed by said Power as principal, and by others as sureties; but that it was accepted by Rorabacher together with the Power deed as a performance of the condition in said agreement mentioned.

The bond introduced in evidence at the trial, without objection, was executed by one Barber as principal.

*Held,* that this must be treated as a mere technical variance, and that under the circumstances disclosed by the record the defendant below could not have been misled. The variance was cured by the statute.—*Comp. Laws,* § 4329.

*Heard October 16th. Decided October 22d.*

Error to Livingston Circuit.

The plaintiff below declared against Rorabacher in assumpsit, on the common counts, and gave notice that he would introduce in evidence on the trial, a certain agreement, a copy of which was served with the declaration.

The defendant pleaded the general issue.

RORABACHER *v.* LEE.

On the trial the plaintiff introduced in evidence, under objection, the following agreement:

"GREEN OAK, October 8th, 1861.

I hereby agree to pay James B. Lee one hundred and twenty-five dollars ($125), and to Ira Case one hundred and ten dollars, by the first day of April, 1862; provided Wm. M. Power executes to me a good and legal title of the east one-half of the north-east quarter of section twenty, in range one north, of six east, according to the conditions of a certain bond executed by Wm. M. Power to me.

                                                JOHN RORABACHER.

April, 16th, 1861."

The bond referred to in the foregoing contract, was introduced in evidence, under objection, and is in the words and figures following:

"This agreement made and entered into between Wm. M. Power and John Rorabacher, both of Green Oak, Livingston County, Michigan; Wm. M. Power agrees to sell the said Rorabacher, for the sum of one thousand three hundred dollars, the east half, of the north-east quarter, of section twenty, in the township of Green Oak, aforesaid, as soon as he can give a good title thereof; the north half thereof belonging to the estate of Robert D. Power, deceased, and hereby binds himself to proceed in the Probate Court, apply to have an administrator, and get a sale of the said north half ordered by the Judge of Probate, as soon as can be done with due regard to the requirements of law; and before the first day of August to give a good title to Rorabacher.

"The said Rorabacher agrees to pay one thousand three hundred dollars for the said premises, in the following manner, by a mortgage executed by Wilsan Yanson, on the west half, of the south-west quarter, of section thirty-six, in said town of Green Oak, for one thousand dollars, and a mortgage this day executed by the said Wm. M. Power to the said Rorabacher for three hundred dollars, as soon as said William can and does give to said Rorabacher a good title and warranty deed with the usual covenants, of said first mentioned premises; said Power is to give immediate possession of the farm and full possession of the house on or before the first day of June next. Rorabacher is to have the

RORABACHER v. LEE.

wheat on the ground. No interest is to be charged on the mortgages aforesaid, if this contract is fulfilled. If the mortgage for one thousand dollars shall not be good on account of a defective title, Power will not be required to accept it. For the faithful performance of the above agreement, each party binds himself unto the other in the sum of three hundred dollars stipulated damages.

"In witness whereof the said parties have hereunto set their hands and seals the 16th day of April, 1861.

SEAL.                  WM. M. POWER,
SEAL.                  JOHN RORABACHER."

It further appeared that Wm. M. Power, acting as administrator of Robert D. Power's estate, having gone through the Probate Court, was ready to convey; but the title was claimed to be defective by Rorabacher, in the absence from record of a certain deed. That Rorabacher, however, accepted the deed of Wm. M. Power, executed in pursuance of the above bond or agreement, and a bond of indemnity given him by a former warrantor of this title, against all defects in the same, and expressed himself satisfied therewith; defendant and his grantees having remained in possession ever since. That Rorabacher, on accepting this deed from Power, and the bond of indemnity, settled with Power in full for the consideration of such conveyance, holding back from this consideration of thirteen hundred dollars due Power, the amount due on this contract declared on in this case. It further appeared that there was an actual and adverse possession for twenty years in the grantors of Wm. M. Power and Robert D. Power, which under the deed of Wm. M. Power to the defendant, moved to him.

There were six assignments of error.

The first and second were based upon the admission in evidence of said agreement and bond.

The third, fourth and fifth related to certain defects in the change of title from Power.

The sixth alleged a variance between the allegation in the declaration, and the proof of the bond.

Judgment was rendered in favor of the plaintiff.

*O. Hawkins*, for plaintiff in error.

A suit upon a contract can not be controlled by a different contract than the one declared upon.— 2 *Ind.* 418; 5 *Conn.* 272; 36 *N. H.* 252; 21 *Ill.* 85.

Where the consideration for a promise is stated in a declaration as consisting of two parts, each of which is material and pertinent, though either one standing alone is sufficient and would sustain the promise, proof of but one is fatal to the plaintiff's recovery.— 13 *Mich.* 113.

*Norris & Uhl*, for defendant in error.

1. The contract declared upon contains distinct promises to distinct persons, and was properly declared upon as a several contract.

2. The agreement of Power was admissible.

The performance of this agréement (by express reference made part of the contract sued on) was a condition precedent to the plaintiff's (below) recovery, and so its performance was a material part of his case.

The variance between the bond alleged in the declaration is an immaterial one. The material part of this allegation is the giving and accepting of some one's bond; that is proven. Whose bond, is of no consequence. If the objection had been made at the trial, it would have been disregarded, as not calculated to surprise or mislead the defendant below.— 2 *Hill*, 126; *Comp. L.* § 4329.

But the point was not made at the trial; the evidence was received by the court without objection. This is a waiver of the variance.— 12 *N. H.* 405, 406; 8 *Mich.* 349.

CHRISTIANCY J.

The agreement or contract of Rorabacher, the defendant, dated October 8th, 1861, upon which the suit was brought, gave a several and distinct right of action to the plaintiff Lee, and to Case when the condition precedent was performed

by Power or waived by the defendant. The promise was not to pay Lee and Case jointly, but was so entirely several that one had no interest in its performance so far as it might benefit the other. The contracts were in every respect just as distinct and several in this respect, as if contained in separate instruments, in each of which the name of one promisee only had been mentioned. It is therefore difficult to see any principle upon which a joint action by the two could have been sustained. Certainly they were not *bound* to sue jointly. There is, therefore, no ground for the first assignment of error.

There was no error in admitting in evidence the agreement between William M. Power, and the defendant in reference to the sale and conveyance of the land. This was the instrument referred to in the defendant's contract of October 8th, as the "bond" of Power, and by this reference it became an essential part of the defendant's contract, (upon which the suit was brought), without which the meaning and effect of the proviso in that contract could not be understood. There is, therefore, no basis for the second assignment of error.

The third, fourth and fifth assignments of error relate to the title which was actually conveyed by Power to the defendant, and to the question, whether a good title was in fact conveyed in accordance with the terms of Power's contract or "bond."

But all questions of this kind are, in our opinion, rendered wholly immaterial under the finding of the judge of the acceptance by the defendant of the conveyance made by Power to him, and of the bond of James and Samuel Barber indemnifying against any defects in the title. The finding shows that before this suit was brought, while the title of record as to a part of the land appeared to be imperfect, Power executed to the defendant a warranty deed for the land, and that James Barber who had once owned the land and conveyed it with warranty, gave to defendants

a bond executed by himself and by Samuel Barber as surety, indemnifying the defendant against all defects in the title; that defendant accepted this conveyance and this bond, and expressed himself satisfied, and thereupon settled with Power in full for the price of the premises, holding back only the amounts he had agreed to pay to the plaintiff and Case, by the contract declared upon, and that the defendant and his grantees have remained in possession ever since.

This can be treated only as an acceptance in full performance of the contract of Power to convey, referred to in the proviso of the defendant's agreement declared upon, and it operated as a satisfaction or performance of the condition mentioned in the proviso, or as a waiver of that condition; and in either view the defendant's contract to pay the plaintiff became from that moment absolute.

But it is assigned as error (sixth assignment), that the court erred in deciding in favor of the plaintiff in the court below; the allegation of the amended declaration being that the bond of indemnity was given by William Power as principal and other persons as sureties, when it did not appear by the proof that any such bond was ever executed.

The allegation in the amended declaration in reference to the persons by whom the bond of indemnity was executed, is as supposed by this assignment of error. But the whole substance of the allegation is that the defendant accepted Power's deed, and a bond of indemnity in satisfaction; or perhaps more generally still, that the defendant had waived the condition contained in the proviso of the contract declared upon; since, so far as it affected the rights of the parties, the effect would have been just the same, if he accepted the bond of any other person in the manner this was alleged to have been accepted.

It was, therefore, a simple question of variance in the description of a written instrument, between the allegation and the proof. The defendant did not object to the introduction of the evidence upon the ground of variance or

upon any other ground, nor complain that he had been surprised or misled. And the record does not show that any objection was made to its consideration by the court. So far as appears by the record, the question is raised for the first time by the assignment of errors in this court. But it is now insisted that it is not to be treated as a mere variance, but as a complete failure of proof to sustain the allegation of the acceptance of the bond of indemnity. We think it must be treated as a mere technical variance or mistake and that under the circumstances disclosed by the record, the defendant could not have been surprised or misled by such a mistake in the description of the bond which he had accepted.

The case, therefore, in our opinion, falls within the provisions of section 92 of chapter 127 Compiled Laws, that "every variance between process, pleadings or any instrument in writing, recited or referred to in any other process, pleading or record, and every mistake in the name of any officer or other person, or in stating any day, month or year, or in the description of any property in any pleading or record shall be disregarded upon the trial of such cause, and after a verdict therein, unless such variance or mistake be calculated to surprise or mislead the adverse party, and to prevent his making due preparation for a full answer on the merits, to the matter concerning which such variance or mistake shall have been made."

This section, though inartificially drawn and somewhat deficient in perspicuity is, we think, plain enough in its intent and was intended to apply to a variance or mistake like the present.

Had the objection been made at the trial, the more correct course would doubtless have been for the court to have ordered the pleadings, in this respect, to have been at once amended. This would be better in reference to the use which might be made of the record in any subsequent cause.

But when no objection is taken upon the trial to the introduction of the evidence on the ground of variance, it is, we think, the duty of the court to disregard it.

The judgment was, in our opinion, well warranted by the finding, and the finding by the evidence; and there being no error in the proceedings which could operate to the prejudice of the plaintiff in error, the judgment must be affirmed, and the defendant in error must recover his costs in both courts.

The other justices concurred.