MAURICE NASH v. ROBERT GERAGHTY AND MARY E. GERAGHTY.

*Fraudulent conveyances—Evidence.*

1. Before a decree is granted in behalf of creditors setting aside a conveyance, it should be made affirmatively to appear that the creditors have been substantially injured by the transfer.

2. A conveyance by a husband to his wife of his home farm of 120 acres, in consideration of her agreement, contained in the deed, to pay and discharge a mortgage of $2,550 on the land, and account to his minor children, when the youngest should become of full age, for the homestead, will not be set aside as in fraud of creditors, the highest value placed upon the farm being $4,200, and the lowest value $3,800.

Appeal from Washtenaw. (Kinne, J.) Argued April 30, 1895. Decided May 21, 1895.

Bill in aid of execution. Defendant Mary E. Geraghty appeals. Decree reversed. The facts are stated in the opinion.

*J. T. Honey* and *M. J. Lehman,* for complainant.

*A. J. Sawyer,* for appellant.

McGRATH, C. J. This is a bill filed in aid of execution. Robert Geraghty was the owner of 120 acres of land, subject to a mortgage of $2,550, upon which himself and family lived. He was indebted to various parties; and on June 5, 1893, complainant recovered a judgment against him before a justice of the peace, a transcript of which was filed in the circuit on June 12, 1893, an execution issued, and a levy made upon the land in question. On June 7, 1893, Robert Geraghty conveyed the land to his wife, the defendant Mary E. Geraghty,

the only consideration being her agreement to pay and discharge the mortgage, and account to the minor children, when the youngest became of age, for the homestead. The highest value placed upon the property by any of the witnesses is $4,200, and the lowest $3,800. The homestead interest and the mortgage aggregated $4,050.

Before a decree is granted on behalf of creditors setting aside a conveyance, it should be made affirmatively to appear that the creditors have been substantially injured by the transfer. It does not so appear in the present case, and the decree below must be reversed, with costs to appellant.

The other Justices concurred.