118    621
s77NW  242
c133   393

### KOZMINSKI *v.* KUZNIAK.

FRAUDULENT CONVEYANCES—HOMESTEAD—RIGHTS OF CREDITORS.
   A judgment creditor cannot complain of a transfer by the
   debtor to his wife of lands the value of which at the time was
   less than the amount of mortgage and homestead interests
   therein.

Appeal from Kent; Grove, J. Submitted October 7,
1898. Decided December 6, 1898.

Bill in aid of execution by Jacob Kozminski and wife
against John Kuzniak and wife. From a decree dismiss-
ing the bill, complainants appeal. Affirmed.

*Thompson & Temple*, for complainants.

*McKnight & McKnight*, for defendants.

MONTGOMERY, J. This is a bill filed in aid of execu-
tion. The complainants recovered a decree for costs
against the defendant John Kuzniak on the 17th of De-
cember, 1895. *Kuzniak* v. *Kozminski*, 107 Mich. 444
(61 Am. St. Rep. 344). On the 24th of December, 1895,
defendant John transferred to his wife, the co-defendant,
a city lot upon which they were then living, and had been
for some years, the lot being in size 66x148 feet, and hav-
ing a small tenement house in addition to the family resi-
dence. It appears by the testimony that this lot was
bought in two parcels, the first 66x124 feet, and this was
conveyed to defendant Teofila Kuzniak in 1880. The re-
maining 24x66 feet was conveyed by Thomas J. O'Brien,
in 1889, to defendant John Kuzniak. The defendant Teo-
fila Kuzniak mortgaged these premises for $800 to one
Nicholas Schenhofen, and afterwards, on February 28,
1889, for the purpose of securing an additional loan of
$400, executed a warranty deed to Schenhofen, which,

however, was intended as a mortgage. In 1890 the parties, desiring to make a loan of the Grand Rapids Mutual Building & Loan Association, were advised that the property should be deeded to Mr. Kuzniak, and that he should become a member of the association; and thereupon Mr. Schenhofen made a conveyance to John Kuzniak, and a mortgage on the entire lot was given to the association in the sum of $1,500. This loan was afterwards transferred, and a mortgage is now held upon the property by Horace J. Tuttle in the amount of $1,350. As before stated, after this mortgage was made, the property was conveyed by the defendant John Kuzniak to his wife. The evidence shows the value of this property at the time of the transfer to have been not to exceed $2,500 to $2,800. The complainants' counsel contend that as to a portion of this lot, at least, there was no homestead right. If we assume this to be true, yet under the ruling in *Armitage* v. *Toll*, 64 Mich. 412, the portion not set aside as a homestead should be first sold to satisfy the mortgage, and the homestead right would apply to the remainder. The mortgage and the homestead right exceed the value of the property, and did at the time of the transfer from defendant John to his wife. It is difficult to see how the complainants were in any way damaged by this transfer. The case is ruled by *Nash* v. *Geraghty*, 105 Mich. 382.

The decree below dismissing the bill is affirmed.

The other Justices concurred.