## CLARK v. CLARK.

PARTITION—SALE—DIVISION OF PROCEEDS—CONTRACT FOR SUPPORT OF PARENT—COMPENSATION.

On division of the proceeds of a partition sale, defendant is not entitled to compensation for the care and support of the mother of himself and complainant, where it appears that he had the use of the property sold for a number of years, under an agreement with complainant to maintain their mother, although the use of the property belonged to the mother.

Appeal from Washtenaw; Kinne, J. Submitted October 8, 1903. (Docket No. 11.) Decided October 27, 1903.

Bill by Albert M. Clark against Arthur S. Clark, Jennie E. Clark, and Gideon L. Hoyt, trustee, for a partition. From a decree denying the claim of defendants Clark for a special allowance from the proceeds of the sale, they appeal. Affirmed.

*J. W. Bennett* and *A. J. Sawyer & Son,* for complainant.

*Frank E. Jones.* for appellants.

CARPENTER, J.   This is a suit to partition a house and lot, which complainant and defendant, who are brothers, own as tenants in common.   The decree of the lower court ordered the property to be sold, and the proceeds of sale divided.   Defendant claims compensation, out of these proceeds, for the reasonable worth of caring for and maintaining for many years the aged mother of complainant and himself.   The trial court disallowed said claim, and the correctness of this decision is the sole question raised by this appeal.

We think the claim was properly disallowed.   The testimony clearly proves, as found by the trial judge, that defendant maintained his mother under an agreement with complainant that, as compensation therefor, he should have the use of the property in suit, and that he did have the use of said property.   Nor was defendant's agreement any less effectual because the consideration which supported it—the use of the property—belonged to the mother, and not to complainant.   *Rorabacher* v. *Lee,* 16 Mich. 169.

The decree will be affirmed, with costs.

The other Justices concurred.