## WALSH v. ROBINSON.

1. MORTGAGES — FORECLOSURE IN CHANCERY — PARTIES—REDEMP-
TION.

The owner of a first mortgage foreclosed in chancery, making
the holders of subsequent mortgages parties, but omitted the
owner of the land. The second mortgagee bought the interest
of the foreclosure purchaser. The owner of the land tendered
the amount due on the first mortgage, and demanded a release
of the land, claiming that, as he was not made a party to the
foreclosure proceedings, his equity of redemption was not
barred, but was relieved from the lien of the subsequent
mortgages. *Held*, that, as to the owner of the land, the
junior mortgages had not been discharged.

2. SAME.

Whether the liens of such mortgages passed to the purchaser at
the foreclosure sale, or were still enforceable in the hands of
the original mortgagees,—*quære*.

3. SAME—FORECLOSURE BY TRUSTEE—MORTGAGE HELD IN INDI-
VIDUAL CAPACITY.

One who, as trustee, forecloses in chancery two senior mort-
gages while holding three junior mortgages in his individual
capacity, will be bound individually by the decree.

4. SAME—DECREE—TAXES.

The owner of the land cannot complain because a decree on the
foreclosure of a mortgage by a trustee included the taxes
paid by the complainant to protect his interest under subse-
quent mortgages held by him in his individual capacity.

5. SAME—LIABILITY FOR DEFICIENCY.

A deficiency decree against a mortgagor is unauthorized on a
second foreclosure, taken for the purpose of bringing in addi-
tional parties, where the former sale brought the full amount
of the mortgage debt.

Appeal from Wayne; Hosmer, J. Submitted October
9, 1903. (Docket No. 27.) Decided November 9, 1903.
Motion for rehearing denied April 19, 1904.[1]

[1] A second application for rehearing was denied December 14,
1904; no opinion being filed.

Bill by John H. Walsh, trustee, against Charles W. Robinson, Carman G. Paul, and Sheridan J. Colby to foreclose certain mortgages. From a decree for complainant, defendants Robinson and Colby appeal. Modified.

_Shaw, Warren, Cady & Oakes,_ for complainant.

_Levi J. Fick,_ for defendant Robinson.

_Jasper C. Gates,_ for defendant Colby.

_Sheridan J. Colby, in pro. per._, on motion for rehearing.

MONTGOMERY, J. March 22, 1892, defendants Robinson and Paul executed a mortgage in the sum of $15,000, collateral to a note of like date, covering a large amount of property in Detroit. Under the terms of the mortgage, portions of the property covered were released from time to time until there remained incumbered by the mortgage lots 74 to 93, both inclusive, of Tait's Subdivision. This mortgage finally came into the hands of the State Savings Bank of Detroit. A second mortgage, covering lots 74 to 93, above described, was executed by Carman G. Paul on the 12th of December, 1893, to Mary A. Coquillard, to secure the payment of a note of $1,200. There were three subsequent mortgages executed by a purchaser from Paul, named Nicholas E. Manuel, and payable to John H. Walsh. The savings bank mortgage was paid down from time to time, but, the balance remaining unpaid, foreclosure proceedings were commenced, and a commissioner's deed was made to the bank on the 13th of June, 1900. At the time this foreclosure proceeding was taken, the defendant Colby was the owner of the equity of redemption, subject to the savings bank mortgage, the Coquillard mortgage, and the three Walsh mortgages. After the foreclosure was had, and before the time for redemption expired, the bank agreed with Mrs. Coquillard, the holder of the second mortgage, that, in case no redemp-

tion was made, the bank would accept $2,093.15 for the property. Mrs. Coquillard, through complainant, as trustee, bought of the bank its interest, and took a transfer of title. Colby, contending that the foreclosure of the bank had cut off all the subsequent mortgages, but had not defeated his title for the reason that he was not made a party, tendered to complainant the amount due on the savings bank mortgage, and demanded a release of the title. This tender was refused, and the complainant brings this bill to foreclose as against the defendant Colby the savings bank mortgage and the Coquillard mortgage. A deficiency decree was asked against defendant Robinson. A decree passed in favor of the complainant for the foreclosure of the two mortgages, and defendant Robinson appeals from so much of the decree as fixes a personal liability upon him, and the defendant Colby appeals generally from the decree.

The position taken by the defendant Colby is this That, as he was not made a party to the first foreclosure proceeding, that proceeding was ineffectual to bar his equity of redemption, but that, as the subsequent mortgagees were made parties, the proceeding is valid as to them, and bars their mortgages; that it results that the defendant Colby, although not a party to that proceeding, may profit by it to the extent of being relieved from all the mortgages except the first, and can discharge his property of all the liens by a tender of the amount due on the first mortgage. We have not adopted the language of counsel in stating the proposition. Nevertheless we think we have accurately defined the result of his contention. The proposition needs only to be stated to show its inequity. Yet, if the rigid rules of law require that this result should follow from the acts of complainant and his grantor, our only duty is to apply the rules.

A large number of cases are cited by counsel for defendant to the proposition that the first foreclosure proceeding is binding upon all the parties to that litigation. But in none of the cases cited by defendant was the question

presented in the aspect which it bears here. in most of those cases, as well as in others in which this subject has been treated, the question arose out of the failure of the senior incumbrancer to make the junior incumbrancer a party. The courts have in such cases uniformly held that the foreclosure operated to cut off the equity of redemption if the owner of that interest was a party, but that the proceeding was not effectual to defeat the rights of the junior mortgagee. In different jurisdictions different remedies are applied. In England the rule seems to be that the junior incumbrancer has only the right to redeem on paying the prior incumbrance; but in some of the States it is held that he may demand a resale of the property. *Stewart* v. *Johnson*, 30 Ohio St. 24. It is also in some instances stated generally that the failure to make the owner of the equity of redemption a party to the bill of foreclosure renders the proceeding void. 2 Jones, Mort. § 1406; *Watts* v. *Julian*, 122 Ind. 124 (23 N. E. 698).

But if we assume, for the purposes of this decision, that the decree is to be given full force as against the subsequent lienholders, and is not binding upon the defendant Colby, what follows? Were these liens discharged for the benefit of the defendant, so that he may discharge his obligations and release his property upon payment of the first mortgage only? Or should it be held that so much of the interest in this property as was not represented by the first mortgage was held in two rights, the one of which vested in the junior mortgagees, the other in the defendant as the owner of the remnant of the equity of redemption, which latter right was subordinate to all prior liens? If, then, a decree passes binding upon the junior mortgagees in favor of the senior mortgagee, what passes by the sale? The only answer is that the interest of the junior mortgagees would pass. The defendant is in no position to complain that the title in this property which is superior to his own has been merged in the purchaser at the foreclosure sale, nor can he assert that as to him the junior mortgage has been discharged. When he

asserts that the decree binds the interest of the junior incumbrancer, he plants himself on ground from which the equity of complainant can be plainly discerned.

Reliance appears to have been placed by both parties in the court below and in this court upon the case of *Baker* v. *Pierson*, 6 Mich. 522. We think that case clearly rules this case in favor of complainant. The facts were that one Lewis Ives, being the owner of certain land, executed two mortgages,—one to David Moore for $5,000, and one to George F. Turner for $3,000. A purchaser from Ives executed three subsequent mortgages, the last of which—that is, the fifth mortgage—was executed to Pierson. Moore foreclosed the first mortgage on the property, but failed to make Pierson a party. Upon foreclosure at a sale which was absolute, Baker, who was the administrator of the estate of Turner, the second mortgagee, bid in the property, paying a trifle more than the amount of the Moore decree; and Pierson in that case, as did Colby in this, sought to redeem by paying simply the purchase price paid at the sale, and without paying the incumbrance held by the Turner estate. There were three opinions in the case, but every judge agreed that this could not be done, and held the property subject to a lien as against Pierson for the amount of the Moore mortgage and the full amount of the Turner mortgage.

MANNING, J., speaking of Pierson's rights, said:

"Such mortgagee is not bound by the foreclosure, and his rights are neither greater nor less in consequence of it; and he may file his bill to foreclose his mortgage as if nothing had been done, except he would have to make the purchaser a party, who, in such case, would be the only necessary party, if complainant should state in his bill the previous foreclosure, and treat the purchaser as the assignee of the several interests of the parties to it in the land."

And, speaking of the rights of the purchaser at the foreclosure sale, the learned justice says:

"Having acquired the rights of all, he stands in their

place, and may use the rights so acquired to protect his interest in the land, and for his benefit, in the same way and to the same extent they could be used by such parties had no foreclosure taken place."

Justice CHRISTIANCY held in that case that the administrator stood in all respects substantially in the position of a second mortgagee who has purchased in a prior mortgage to protect his own, and no subsequent incumbrancer could redeem the prior mortgage without redeeming the second, of which, under such circumstances, it forms substantially a part. In the result of this holding Chief Justice MARTIN distinctly concurs at page 546. It is true that some of the language used by him would seem to lend support to defendant's contention; but the authoritative utterances in the case support the complainant's position.

This view of the case renders it unnecessary to discuss the question of the tender.

It is next claimed that the holder of the intervening mortgages, Walsh, is not a party to this suit in his individual capacity, and therefore not bound by the decree. If the view of Justice MANNING in *Baker* v. *Pierson* be adopted, while the complainant might have asked for a greater measure of relief than his bill prays, the subsequent liens having vested in complainant's *cestui que trust* by the purchase, those who were formerly holders of such liens would not be necessary parties. But, further than this, we think it is not true that complainant, Walsh, who brings this proceeding as trustee, would not be bound by the decree in his individual capacity. It is not as though he were an involuntary party. He himself is an actor in this case, asserting that, in his representative capacity as trustee, he is entitled to foreclose the liens on this property, and to a sale of the property to satisfy them, —a position wholly inconsistent with any individual claim which he might assert under the former liens. The question is ruled in principle by *Baker* v. *Railroad Co.*, 91 Mich. 298 (51 N. W. 897, 16 L. R. A. 154, 30 Am. St. Rep. 471).

One other question raised by defendant Colby is that before Walsh became trustee, and while holding the Manuel mortgages, he individually paid taxes for the purpose of protecting his interest in the Manuel mortgages, amounting to $133.32, which were included in this decree. As we have already indicated, there passed by the sale, and are now vested in the complainant, the interests of all lienholders subsequent to the savings bank mortgage. As was held by Justice MANNING in the *Baker-Pierson Case*, instead of asking for the payment of the savings bank and Coquillard mortgage liens, the complainant might have asked that all five mortgages be paid to him. Not having done so, it was not for the court to say that more should be allowed him than he demanded. As these taxes were but a part of the lien of the Manuel mortgages, certainly the defendant is not in a position to complain of their allowance.

This discussion disposes of all points made by defendant Colby, and as to him the decree will be affirmed, with costs. In the court below no appearance was entered by the defendant Robinson, and a conditional deficiency decree was entered against him. He has thought best to appeal to this court, and the decree will be modified by striking out that provision; but, as the point was not made in the court below, no costs will be awarded.

The other Justices concurred.

### ON MOTION FOR REHEARING.

MONTGOMERY, J. Petition for rehearing. Defendant Colby owns the equity of redemption in the property in controversy. When he acquired such ownership, there were five mortgages upon said property. The first mortgage was foreclosed, and the title purchased by the mortgagee. To these foreclosure proceedings the junior mortgagees were parties, but the defendant Colby was not. After the first mortgagee had acquired his title under said foreclosure sale, he conveyed the same to the holder of

the second mortgage, who brought this suit against defendant Colby to foreclose both the first and second mortgages. It is the claim of the defendant Colby that, though he is not bound by the foreclosure proceedings, because not made a party, he has nevertheless a right to insist that those proceedings did cut off the lien on his equity of all the mortgages except the first. We decided that this claim was not well founded, and, after careful re-examination of the case on this petition for a rehearing, we are satisfied with the correctness of that decision.

In deciding the case we indicated that, as against the owner of the equity of redemption, defendant Colby, there passed to the purchaser at the foreclosure sale the interests of all the lienholders subsequent to the first mortgage. It was unnecessary to make this statement, and subsequent examination has cast doubt upon its correctness. This question was discussed in *Baker* v. *Pierson*, 6 Mich. 522. In that case there were five mortgages on the land in question. The first mortgagee foreclosed, bringing in as defendants to the foreclosure proceedings the owner of the equity of redemption and the holders of all the mortgages except the fifth. The holder of the second mortgage purchased at the foreclosure sale, and then brought this suit against Pierson, the holder of the fifth mortgage, for the purpose of foreclosing the first and second mortgages. Defendent Pierson claimed the right to redeem by paying the amount paid at the foreclosure sale. The question, "Upon what terms can Pierson be allowed to redeem? What sums must he pay, and to whom?" was reserved for the opinion of this court. Chief Justice MARTIN, Justice MANNING, and Justice CHRISTIANCY participated in that decision. Each wrote an opinion advancing radically different views. It was the opinion of Justice MANNING that the purchaser at the foreclosure sale acquired the liens of the mortgagees defendants in the first suit; that he had a right to insist that defendant Pierson pay the aggregate amount of all the mortgages prior to his own; but that, as he only asked for the pay-

ment of the first and second mortgages, he was only entitled to that relief. Chief Justice MARTIN, while agreeing with Justice MANNING as to the terms upon which redemption should be had in that case, was of the opinion that the effect of the former foreclosure proceedings ended, even as to defendant Pierson, the liens of the third and fourth mortgages. In other words, Chief Justice MARTIN contended for the doctrine insisted upon by defendant Colby in this suit. Justice CHRISTIANCY did not agree with Justice MANNING that the liens of the subsequent mortgages had passed to the purchaser. He says:

"Did the purchaser, by this sale, acquire the liens of the subsequent mortgages in the land ? I think not. A mortgage is but a security for a debt. Independent of the debt, the lien can have no existence in equity. The debt is the principal, the lien the accessory, which can no more exist without the debt than the shadow without the substance. Nor can it be a subject of separate ownership by one, while the debt is owned by another, unless, perhaps, as a mere naked trust for the benefit of the holder of the debt.

"If the purchaser at the foreclosure sale became entitled to the debts secured by these subsequent mortgages, then he may have obtained the liens of these mortgages, which were collateral to the debts, and he would be entitled to an assignment of any notes or bonds secured by the mortgages, and to enforce them for his own benefit against the makers. But certainly no one will claim any such effect from the sale. All must admit that the sale left these debts in the hands of the subsequent mortgagees, with the same right to resort to the personal liability of the mortgagor as they had before. As between them and the purchaser, their debts have been separated from the liens; in other words, as against him, while that sale remains in force, they have lost their liens upon the land. But he has not acquired them. He has acquired nothing more by the purchase than if there had been no subsequent liens. Such, then, I think, was the effect of the decree and sale as between the purchaser and subsequent mortgagees who were parties to that suit."

This reasoning is approved by Chief Justice MARTIN in the following language:

"He [the purchaser] does not acquire the liens of the incumbrancers who were parties, for he does not acquire their debts, and a lien separated from the debt is extinguished; nor can he be regarded as holding their liens as a trustee, for that would render his purchase valueless, as the beneficiaries might compel him, if he were their trustee, to enforce such liens for their benefit."

But Justice CHRISTIANCY did not agree with Chief Justice MARTIN that the foreclosure proceedings destroyed, as to defendant Pierson, the mortgage liens prior to his own, held by parties to that suit. He says:

"What was the effect, as between the purchaser and those parties on one side, and Pierson, the fifth mortgagee, who was not a party, on the other? Precisely nothing. As he is not to be prejudiced by the decree or sale, and his right to redeem, and all his claim to relief by cross-bill, are, and must be, founded upon the invalidity of those proceedings as against him, it must be equally clear that he can claim no benefit from those proceedings. He cannot bind others by the proceedings in a suit by which he refuses to be bound. He cannot claim under and repudiate these proceedings at the same time. To claim an advantage from the sale is to ratify the sale. He cannot affirm it as to those incidents which might operate in his favor, and repudiate it as to those which operate to his prejudice. He must repudiate the whole, or affirm and submit to the whole. He cannot be permitted to reap any advantage from the effect of that suit upon the parties to it holding the subsequent mortgages without putting himself on equal terms with those parties, and consenting to be bound by the decree and sale. As to Pierson, the prior mortgage to Moore is still unforeclosed, and that mortgage, and all the junior mortgages prior to his own, remain precisely as if no foreclosure or sale had ever taken place."

Nor do we think it can be said that the views of Justice CHRISTIANCY are not in harmony with the decision made in *Baker* v. *Pierson*. That decision compelled defendant Pierson to pay all that complainant asked. According to the views of Justice CHRISTIANCY, he was bound to pay more. We think, as stated by Justice MANNING, it was

"not for the court to say he shall pay more than Baker [complainant] asks." If the court had adopted Justice CHRISTIANCY's views, we think that case would have been disposed of precisely as it was. It will thus be seen that two of the justices who participated in *Baker* v. *Pierson* distinctly repudiated the view in our former opinion, and their argument against that view is.very forcible. We therefore avail ourselves of this opportunity to correct so much of said opinion as placed our decision upon the ground that the liens on the equity of redemption subsequent to the first mortgage passed to the purchaser at the foreclosure sale. It is sufficient to say that the owner of the equity of redemption, not being a party to the first foreclosure proceedings, was not bound thereby, and cannot claim that the liens of the mortgages were thereby extinguished. Whether those liens passed to the purchaser, or whether they are enforceable in the hands of the original mortgagees, it is unnecessary to determine in this case.

We do not deem it necessary to discuss the other contentions made in the petition for a rehearing. Except as herein stated, we are satisfied with the reasoning of our former opinion, and the petition will therefore be denied.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.