## PALMER *v.* BRAY.[1]

1. FRAUDULENT CONVEYANCES—HOMESTEAD—EQUITY OF REDEMPTION.

Where the equity of redemption in a homestead is not worth more than $1,500, its conveyance is not fraudulent as to creditors of the grantor.

2. MORTGAGES—CONSIDERATION—PRIVITY—EQUITY.

The owner of land gave a mortgage thereon to his children and sister-in-law for the amount of an indebtedness to the latter, the interest being payable to her for life, and the principal to the children. On objections thereto by complainant, representing the creditors of the mortgagor, on the ground of a want of privity between the mortgagor and the children, *held*, that the children were parties to the contract, although the consideration moved from another; that the mortgage

---

[1] Rehearing denied June 18, 1904.

was a valid lien in any event, as the sister-in-law could enforce it; and, further, that, in a court of equity, a person for whose benefit a promise is made may enforce it in his own name.

3. SAME—FORECLOSURE—REDEMPTION—RIGHTS OF CREDITORS.

The mortgagor subsequently conveyed the equity of redemption, and the sister-in-law foreclosed for default in payment of interest. *Held*, that complainant was not entitled to redeem merely by paying the amount secured to the sister-in-law, disregarding the titles of the mortgagor's children and the grantee of the equity of redemption, and had no right whatever to redeem unless the conveyance of the equity of redemption was fraudulent.

4. HOMESTEAD—OWNER'S RIGHTS.

Where one's interest in property occupied as a homestead is worth less than $1,500, he has a right to occupy it, or to dispose of it as he pleases; and creditors have no right to take it from him, even though they offer to pay him $1,500 for his interest.

Appeal from Washtenaw; Kinne, J. Submitted February 5, 1904. (Docket No. 92.) Decided March 15, 1904.

Bill by George Palmer, administrator of the estate of Samuel P. Bray, deceased, against Clarence E. Bray, individually and as executor of the last will and testament of Betsey Doolittle, deceased, and others, to set aside a deed and to redeem from a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

*Thompson & Harriman*, for complainant.

*John P. Kirk* and *Darwin C. Griffen*, for defendants.

CARPENTER, J. This is a suit in equity to set aside a conveyance made by said Samuel P. Bray in his lifetime, on the ground that such conveyance was a fraud on creditors of the grantor. While there is some conflict in the testimony, the material facts are as follows: The land in controversy consists of 62½ acres, situated in the county of

Washtenaw. It was the homestead of said Samuel P. Bray from 1867, or earlier, until said conveyance was made, in 1897. In 1867 said Bray and wife gave Betsey Doolittle, the sister of his wife, a mortgage on said land, securing the payment of $2,000. While there is some conflict in the testimony, we have no doubt that this $2,000 secured by the mortgage was a *bona fide* indebtedness. In 1893 this mortgage was discharged, and a new mortgage for $2,500 (the amount of the former mortgage and accrued interest) substituted. In this new mortgage Betsey Doolittle and the children of Samuel P. Bray—defendants in this suit—were the mortgagees. The interest was payable to Betsey for life, then to her sister, Mrs. Bray; and the principal was payable to the defendants, Bray's children. In 1897 said Samuel P. Bray transferred his personal property to said Betsey Doolittle in payment of accrued interest on said mortgage, and at the same time conveyed to his son, defendant Bert H. Bray, his equity in the mortgaged land. Samuel P. Bray died December 23, 1897. Betsey Doolittle, by proceedings in chancery, wherein the defendants in this suit were defendants, foreclosed said mortgage for default of interest in 1901. She purchased at said foreclosure sale, and died testate in 1903. Her will devised the property to defendants. The object of this suit is to set aside the conveyance of the land to Bert H. Bray, and to redeem from said mortgage foreclosure.

It is obvious that this bill cannot be maintained unless the conveyance of the equity of redemption was fraudulent as to the creditors of Samuel P. Bray. The land transferred was worth less than $3,500. If the mortgage thereon was a valid lien to the amount of $2,500, the equity transferred was worth less than $1,000. In this view the interest transferred to Bert H. Bray was only a homestead interest, and creditors have no right to complain. *Nash* v. *Geraghty*, 105 Mich. 382 (63 N. W. 437).

Complainant contends that the mortgage was not a valid lien for $2,500. He contends that the indebtedness secured

was only $700.   This contention is disposed of by our concluding, as already indicated, that the indebtedness did in fact amount to $2,500.

Complainant contends that, so far as the mortgage secured money to be paid to the mortgagor's children, it was void, because there was no privity between them and the mortgagor.   In support of this contention complainant relies upon *Pipp* v. *Reynolds*, 20 Mich. 88, in which it was decided that a contract could not be enforced at law by one who was not a party to the contract; and other Michigan cases which announce the same principle.   See *Turner* v. *McCarty*, 22 Mich. 265; *Hicks* v. *McGarry*, 38 Mich. 667; *Hunt* v. *Strew*, 39 Mich. 368; *Hidden* v. *Chappel*, 48 Mich. 527 (12 N. W. 687); *Edwards* v. *Clement*, 81 Mich. 513 (45 N. W. 1107); *Linneman* v. *Moross' Estate*, 98 Mich. 178 (57 N. W. 103, 39 Am. St. Rep. 528). That principle has no application to this case, for several reasons.   In this case, though the consideration (which was entirely adequate) was furnished by Betsey Doolittle, the mortgagor's promise to pay the principal was made to his children.   They were not, therefore, strangers to the contract.   On the contrary, they were parties to the contract.   The cases relied on are not authority for the proposition that one may not enforce at law a promise made directly to himself on a consideration furnished by a third person, and it has been distinctly held that he may.   See *Clark* v. *Clark*, 134 Mich. 602 (96 N. W. 924); *Rorabacher* v. *Lee*, 16 Mich. 169.   If it were true that the mortgagor's children could not enforce the mortgage because the promise was made to Betsey Doolittle, their aunt, and not to them, she could enforce it, and it would be none the less a valid lien for the indebtedness secured. Moreover, the principle of those cases is confined to actions at law.   It has been repeatedly held by this court that in a suit in equity a person for whose benefit a promise is made may enforce it in his own name.   See *Corning* v. *Burton*, 102 Mich., at page 95 (62 N. W. 1040).

Complainant also contends that the deed of Samuel P. Bray to defendant Bert H. Bray was void because it was never delivered. It is a sufficient answer to this contention to say that the testimony convinces us that it was delivered.

Complainant claims that the foreclosure of the Betsey Doolittle mortgage terminated the title of Bert H. Bray, acquired by the conveyance in question, and the title of all the defendants, acquired by the $2,500 mortgage under consideration; and he claims, as we understand his oral argument, a right, in redeeming from said mortgage foreclosure, to disregard these titles, and to acquire the property by the payment of the amount secured to Betsey Doolittle by the mortgage. The recent case of *Walsh v. Robinson*, 135 Mich. 16 (97 N. W. 55, 99 N. W. 282), is opposed to this claim. It may also be said that complainant has no right whatever to redeem unless the deed to defendant Bert H. Bray was void as to creditors; and, as we have already indicated, it was not void as to them.

Complainant argues that, though the aggregate of the mortgage and homestead interest exceeds the value of the property, he, as the representative of the creditors, has a right to obtain the property on a payment of this aggregate. In other words, he contends that he has a right in this instance to pay, if he chooses, $4,000 for property worth $3,500. If any such abstract right existed, it can scarcely be expected that a court of equity would assist a trustee, like complainant, in a project to thus waste trust funds. But it is not true that any such abstract right does exist. When one's interest in property occupied as a' homestead is worth less than $1,500, he has a right to occupy that property, to dispose of it as he chooses, and creditors have no right to take it from him. See *Nash* v. *Geraghty*, 105 Mich. 382 (63 N. W. 437); *Burkhardt* v. *James Walker & Son*, 132 Mich. 93 (92 N. W. 778). And it follows that they have not that right, even though they offer to pay him $1,500 for his interest.

It results from these views that the decree appealed from must be affirmed, with costs.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.