HAIGHT *v.* REYNOLDS.

1. FRAUDULENT CONVEYANCES—CONSIDERATION—BURDEN OF PROOF—
   STATUTES—HOMESTEAD. ·

   Where, in judgment creditor's suit to reach land claimed to
   have been conveyed by defendant husband to his wife in
   fraud of creditors, it appears that said conveyance was with-
   out consideration, burden of proof is on defendants to show
   that said conveyance is *bona fide* or that land is homestead
   (3 Comp. Laws 1929, § 14617).

2. HOMESTEAD—INTENTION—FINDING OF COURT—FRAUDULENT CON-
   VEYANCES.

   Finding of trial court that debtor and wife at and prior to
   time of creditor's levy had *bona fide* intention of permanently
   using as homestead property conveyed by husband to wife,
   *held,* sustained by record.

3. SAME—EXEMPTIONS—ACTUAL RESIDENCE NOT NECESSARY—INTENT
   AND PURPOSE ACCOMPANIED BY OVERT ACTS SUFFICIENT.

   Actual residence upon claimed homestead is not necessary to en-
   title owner to its protection as such, provided he has honest
   intention and purpose of actually establishing his home there-
   on, and this intention is accompanied by overt acts evidencing
   such plan and purpose.

4. FRAUDULENT CONVEYANCES—HOMESTEAD.

   Conveyance by debtor of his homestead is not fraud upon cred-
   itors.

Appeal from Newaygo; Barton (Joseph), J. Sub-
mitted October 14, 1931. (Docket No. 123, Calendar
No. 35,100.) Decided January 4, 1932. Rehearing
denied April 4, 1932.

Bill in aid of execution by H. L. Haight against
Merton L. Reynolds and another. Decree for de-
fendants. Plaintiff appeals. Affirmed.

*Harry D. Reber,* for plaintiff.

*William J. Branstrom,* for defendants.

NORTH, J. This is a bill in aid of execution. In 1926 the defendant Merton L. Reynolds became indebted to plaintiff. At that time Reynolds owned 27 acres of land in Denver township, Newaygo county. In January, 1929, Mr. Reynolds deeded this property to his wife, Dewie B. Reynolds, who is also a defendant. On July 31, 1929, plaintiff recovered judgment against Mr. Reynolds on the above-mentioned indebtedness in the sum of $1,230.56 and costs. In the following month plaintiff caused a levy to be made upon the land formerly owned by Mr. Reynolds, and thereafter this bill of complaint was filed to set aside the conveyance to Mrs. Reynolds on the ground that such conveyance was without consideration and fraudulent as against plaintiff. The defense urged is that the conveyance to Mrs. Reynolds was in consideration of money she had advanced to her husband, and also that the property conveyed was defendants' homestead and as such is exempt from levy and execution. The circuit judge sustained the latter claim and dismissed plaintiff's bill. He has appealed.

Plaintiff denies defendants' claim that the property is a homestead, and asserts that, since his judgment against Reynolds is based upon an indebtedness prior to the conveyance to Mrs. Reynolds, such conveyance, being without consideration, is a fraud upon plaintiff. Plaintiff also properly asserts that, by reason of the statutory provision (3 Comp. Laws 1929, § 14617), the burden of proof is upon defendants to show that the conveyance to Mrs. Reynolds is *bona fide* or to establish their alleged homestead rights. *Amphlett* v. *Hibbard,* 29 Mich. 298.

It appears from the record that this land was deeded to Mr. Reynolds by his mother in 1918. Prior to 1926 he resided in Chicago, with the exception of a year or so when he was in Florida. He had been married and divorced prior to his marriage to the present Mrs. Reynolds. She was a widow who had received approximately $6,500 insurance incident to the death of her former husband. Of this amount she had loaned $4,500 to her father, and she claims that both prior to her marriage to Mr. Reynolds, November 13, 1928, and subsequent thereto, she had advanced him money totaling $530. In March, 1928, Mr. Reynolds returned to Michigan, and since then has resided in Denver township. The property in question is productive farm land, a small barn is located on the property, but there is no house. Mr. and Mrs. Reynolds live in a rented house across the road from the 27 acres. They farm this land, keep cattle, horses, and tools thereon. He testified that he and his wife had no other way of making a living except farming this land. The defendants claim that both before and since their marriage they have continuously planned to erect a house upon this land as their permanent home, and that they delayed since their marriage in so doing only because of a lack of available financial means. In this connection the record discloses that both prior to and since his present marriage Mr. Reynolds was seriously ill and submitted to several major operations, incident to which he has been subjected to an expense of several hundred dollars. To obtain a part of this money he mortgaged the farm for $1,000 prior to his marriage to the present Mrs. Reynolds. Delay of defendants in actually constructing a house upon this land is explained by these circumstances. Touching the homestead phase of this case, Mrs. Reynolds testified:

"Mr. Reynolds and I have always intended that to be our home. * * * We always have planned this would be our home, and had planned up until his sickness we would take what currency I had and what he had and we would go in debt for the balance and build a home, before we were married, and having the balance he had for his sickness, which is a wonder he is even alive today, why we couldn't do those things, and our next plans of course were just as soon as we can, and as soon as I can get hold of some of my money with what he has and what he can make we will have a home, but I won't build until we can have what we want, because it is going to be our permanent home."

We forego quoting further from the record, which in our judgment amply sustains the holding of the circuit judge that these defendants at and prior to the time of plaintiff's levy had a *bona fide* intention of permanently using this property as a homestead. Aside from residing upon the land, their intention had already been carried into effect. It is well-settled law in Michigan that actual residence upon a claimed homestead is not necessary to entitle the owner to its protection and preservation as such, provided the owner has an honest intention and purpose of actually establishing his home thereon and this intention is accompanied by overt acts evidencing such plan and purpose. In a case somewhat similar in facts, and in principle quite on all fours with the instant case, this court said:

"The lot, as has been said, was procured for the purposes of a home, and complainant, aided by the industry and frugality of his wife, was proceeding to make it such as rapidly as their limited means would permit. They inclosed it; they had their domestic animals upon it; they came to live in the immediate vicinity; they made a well; and they put up

outbuildings. Everything but the dwelling proper had been erected before the levy was made, and complainant was bargaining with a builder for a house. If anything was lacking to make the lot a homestead, it was because the poverty of complainant had precluded his advancing his improvements as rapidly as he desired. The lot, however, in the minds and hearts of complainant and his wife, had been appropriated as a home from before the day of their marriage; it was all the home they had; it represented all their scanty means, and was the center of their domestic hopes and aspirations. They did not as yet sleep upon it or take their meals upon it; probably if they had done this in some of the buildings already constructed, their right to claim a homestead would not have been disputed. But this is not an indispensable condition." *Reske* v. *Reske,* 51 Mich. 541 (47 Am. Rep. 594).

In *Deville* v. *Widoe,* 64 Mich. 593 (8 Am. St. Rep. 852), it is held:

"A city lot purchased with the intention of making it a homestead for the purchaser and his family will be exempt from levy and sale on execution from the time of purchase, even though unimproved and without a dwelling thereon, if the purchaser incloses it and uses and occupies it with the constant purpose of making it his home, and uses the proceeds thereof, and such means as he can procure, within a reasonable time, to erect a house thereon for his family, provided it does not exceed in quantity and value the constitutional limit.

"What will be regarded as a reasonable time must necessarily depend upon the circumstances of each particular case."

See, also, *Mills* v. *Hobbs,* 76 Mich. 122.

Approving, as we do, the holding of the circuit judge that these defendants had homestead rights in this property at the time of plaintiff's levy thereon,

the *bona fides* of Mr. Reynolds' conveyance of his homestead exemption to his wife cannot be attacked by plaintiff or any other creditor. Conveyance by a debtor of his homestead is not a fraud upon creditors. *Nash* v. *Geraghty,* 105 Mich. 382; *Dickey* v. *Converse,* 117 Mich. 449 (72 Am. St. Rep. 568); *Eagle* v. *Smylie,* 126 Mich. 612 (86 Am. St. Rep. 562); and *Palmer* v. *Bray,* 136 Mich. 85.

The judgment is affirmed, with costs to appellees.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.