VAN KOVERING v. EGGEBEEN.

1. ACTION—LAW ACTION—EQUITY SUIT—HEARING.
   An action at law and suit in equity can not be consolidated but
   can be heard at the same time.

2. APPEAL AND ERROR—JUDGMENT FOR LESS THAN $500—LEAVE TO
   APPEAL.
   Since appeal from judgment for defendant in an action at law
   on a note for $300, on account of the amount involved, re-
   quired that leave be granted by the Supreme Court and no
   leave was obtained, there would be no appeal pending in this
   court from such judgment (3 Comp. Laws 1929, § 15491;
   Court Rule No. 60 [1933]).

3. SAME—EQUITY.
   An appeal from decree dismissing a bill in equity is of right.

4. HOMESTEAD—PROPERTY DEVOTED TO WELFARE OF, BUT NOT OCCU-
   PIED BY, DECEASED AS HOMESTEAD.
   Property of grantor, assessed valuation of which was $1,100
   and which had been his homestead, conveyed to defendants in
   consideration of their agreement to give him board and room
   elsewhere and $3 a week spending money, then subsequently
   redeeded to grantor by defendants and later deeded to de-
   fendants again in consideration of their caring for him during
   his lifetime and furnishing him with $1 a week spending
   money, remained his homestead, notwithstanding his tempo-
   rary absence therefrom, and remained beyond the reach of
   his creditors and so remained while he employed it for his
   needs.

5. SAME—CANCELLATION OF INSTRUMENTS—CREDITORS.
   Since homestead property worth less than $1,500 may be con-
   veyed by owner as he pleases without offending against the
   rights of creditors, deed to grantees who performed their
   agreement to take care of grantor and give him a stated sum
   weekly as expense money in return for homestead property
   worth $1,100 will not be set aside at suit of administrator
   representing creditors of grantor's estate.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 9, 1940. (Docket No. 101, Calendar No. 40,936.) Decided March 15, 1940.

Assumpsit in justice's court by Russell Van Kovering, administrator of the estate of Cornelius Geleynse, deceased, against Anton Eggebeen and wife. Judgment for defendants. Plaintiff appealed to circuit court. Bill by plaintiff against defendants to set aside conveyance of real estate. Cases tried together. Judgment and decree for defendants. Plaintiff appeals. Affirmed.

*Stuart Hoffius,* for plaintiff.

*John F. Livingston* (*Corwin & Corwin,* of counsel), for defendants.

WIEST, J. Plaintiff, administrator of the estate of Cornelius Geleynse, deceased, brought suit in justice court against defendants to recover on a note for $300, found among the effects of the deceased, met with a judgment of no cause of action because of a settlement receipt, took an appeal to the circuit, and there counsel stipulated that the cause "be transferred to the chancery side of the court and consolidated with (the) chancery cause," therein pending, brought by the administrator to set aside a deed executed by the deceased transferring his home to defendants, claiming that the transfer was in fraud of creditors.

The action at law and the suit in equity could not be consolidated but could be heard at the same time, and were so heard. The court entered judgment for defendants in the action at law and, by decree, dismissed the suit in equity. Thereupon plaintiff filed claim of appeal from the judgment and decree.

Appeal from the judgment, on account of the amount involved, required leave granted by this court. 3 Comp. Laws 1929, § 15491 (Stat. Ann. § 27.2591), Court Rule No. 60 (1933). No such leave having been obtained, there is no appeal pending here to be considered. The appeal is dismissed, with costs to defendants.

The appeal from the decree was of right, and brings to consideration the claim of fraud upon the creditors.

At the time the bill was filed plaintiff did not represent any creditor because at that time no claims had been allowed against the estate. Subsequently two claims were allowed, one for $54 and the other for $138.12, the latter being for services of an attorney in securing return of the property following a prior deed. Upon allowance of such claims, the bill was amended to show there were creditors of the estate.

In February, 1935, about six months before his death, Mr. Geleynse conveyed his home to defendants in consideration of their caring for him during his lifetime and furnishing him with $1 each week for spending money. Defendants performed their agreement and paid the expenses of his last sickness and of his burial in July, 1935.

The circuit judge stated:

"Here is a homestead. Any debtor—I don't care how many creditors he has, how much he owes them —any debtor can transfer his exempt property if he pleases, and he is not defrauding anybody because they never could touch any part of it."

The assessed valuation of the property in 1935, and also at the time of the hearing, was $1,100.

Counsel for plaintiff contend that the homestead right had been lost.

The property had been the homestead of Mr. Geleynse for many years but, in September, 1934, he conveyed it to defendants and went to live with them under an agreement that he was to be cared for as long as he lived and have $3 a week for spending money. After he lived with defendants for about a year he wished return of his property and defendants deeded it back on January 21, 1935. February 4, 1935, as before mentioned, he again deeded the property to defendants and lived with them until his death.

The circumstances mentioned and the fact that, after the first deed to defendants, he did not again live upon the property did not entail loss of the homestead rights. His homestead rights had become fixed and employment thereof for his welfare was not a waiver or abandonment, nor did his temporary absence therefrom constitute an estoppel. It was beyond the reach of his creditors and so remained while he employed it for his needs.

As stated in 13 R. C. L. p. 648:

"It is a well-established rule that where a home, residence, or settlement has once been acquired on lands it is not necessary that there should be continuous actual occupation to secure the homestead from forced sale, and that an absence temporary in its nature, and not designed as an abandonment, will not work a forfeiture of the right," citing among other cases, *Burkhardt* v. *James Walker & Son,* 132 Mich. 93 (102 Am. St. Rep. 386).

In *Kaeding* v. *Joachimsthal,* 98 Mich. 78, this court held (quoting syllabus):

"Absence from a homestead for six years will not deprive the owners of the protection of the statute, if during such absence they had a continuing intent to return to and occupy said homestead."

See, also, *Bunker* v. *Paquette,* 37 Mich. 79; *Hitchcock* v. *Misner,* 111 Mich. 180.

The property being his homestead and worth less than $1,500, he could do with it as he pleased without offending against the rights of creditors.

In *Haight* v. *Reynolds,* 257 Mich. 11, this court said:

"Conveyance by a debtor of his homestead is not a fraud upon creditors. *Nash* v. *Geraghty,* 105 Mich. 382; *Dickey* v. *Converse,* 117 Mich. 449 (72 Am. St. Rep. 568); *Eagle* v. *Smylie,* 126 Mich. 612 (86 Am. St. Rep. 562); and *Palmer* v. *Bray,* 136 Mich. 85."

See, also, *Kleinert* v. *Lefkowitz,* 271 Mich. 79.

The decree is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.