ALBERT *v*. PATTERSON.

1. FRAUDULENT CONVEYANCES — DEEDS — DELIVERY — HUSBAND AND WIFE.

In proceedings to have a deed from defendant wife to her husband decreed to be void and invalid as in fraud of creditors, alleging that said deed was never delivered, evidence of the due execution and delivery of the deed which was not directly refuted, is *held*, sufficient to establish the validity of the deed.

2. SAME—EXEMPTIONS—HOMESTEADS—CONSIDERATION.

Where defendant's equity in the property conveyed was less than the homestead exemption, the question of consideration is of no importance.

Appeal from Kent; Brown, J. Submitted June 15, 1915. (Docket No. 46.) Decided September 29, 1915.

Bill in aid of execution by Margaret Albert against Clara Patterson and another. From a decree for defendants, complainant appeals. Affirmed.

*William Wisner Taylor,* for complainant.

*Myron H. Walker,* for defendants.

BROOKE, C. J.   On December 13, 1909, complainant secured an order for an execution for deficiency against the defendant Clara Patterson in the sum of $563.16. Judgment was rendered upon the following day, and levy was made upon the same day upon the following real estate:   Lot 17 of block 1, lots 1, 2, and 3 of block 2, and lots 1 to 9, inclusive, and 11 to 19, inclusive, of block 6, of Kenwood addition replatted, in the county of Kent, State of Michigan.   On the 21st day of December, 1909, the levy was released as to all of the above-described property except lot 17 of block 1.   In April, 1911, complainant filed her bill in aid of execution.   The relief prayed is that a deed dated March 10, 1900, and recorded December 6, 1909, from defendant Clara Patterson to her husband, defendant Edward H. Patterson, covering said lot 17, block 1, of Kenwood addition, be decreed to be void and invalid as in fraud of creditors.

The record discloses that prior to the year 1892 the defendant Edward H. Patterson was the owner of lot 17 in block 1, and many other lots, situated in said Kenwood addition; that said property at that time was heavily incumbered; and that, in order to secure a loan of $125 from one Powell, defendant Edward H. Patterson deeded the same to said Powell, as security only.   Later, and on November 11, 1892, said loan of $125 having been repaid to Powell by Edward H. Patterson, Powell conveyed all the lots, including lot 17, which Edward H. Patterson had conveyed to him as security, to the defendant Clara Patterson.   The record shows clearly that defendant Clara Patterson herself never invested any money in the premises in question, and on March 10, 1900, she executed a conveyance of all of said property to her husband, who ap-

pears at all times to have been the equitable owner of any equity remaining in the property. At the time of said conveyance (March 10, 1900), the property conveyed was subject to various incumbrances, amounting in all to $4,710. Much evidence appears in the record relative to the value of the property described in the conveyance as of March 10, 1900. There is considerable variation in the estimates of value, but the average would seem to fix it at somewhere in the neighborhood of $6,000. If this be regarded as the true value at that time, the value of the equity would be considerably less than $1,500, the amount allowed under the Constitution and laws as a homestead exemption. It is conceded by counsel for the complainant that during all the time from the date of the deed in 1900 to the date of the trial in 1914 the defendants have occupied the whole of lot 17 as a homestead.

It is the claim of counsel for the appellant that the deed from defendant Clara Patterson to her husband was never delivered. He bases this claim upon the fact that the deed remained unrecorded for upwards of nine years, and that in the interim the property continued to be assessed in the name of Clara Patterson, and that she made deeds, mortgages, and contracts relating thereto. On behalf of defendants there is positive testimony given by themselves of the execution and delivery of the deed, at or about its date, as well as the testimony of one of the subscribing witnesses to this same effect. In explaining the failure of defendant Edward H. Patterson to place the deed of record for some nine years, it is the claim of the defendants that, according to an agreement between themselves, defendant Edward H. Patterson was to pay his wife the sum of $100 as a consideration for the execution and delivery of said deed by her; that said sum was paid in small amounts from time to time, running over a considerable number of years; that

it was further agreed between the defendants that in the meantime the record title should remain in the defendant Clara Patterson, she to execute such deeds, mortgages, and contracts relating to the same as her husband should request. There seems to be no direct evidence in the record refuting these statements. The learned circuit judge, who heard the evidence, determined that the deed was executed and delivered, as claimed by the defendants, and after a careful examination of the record we have no hesitation in agreeing with his conclusion upon this point.

It is further apparently the claim of counsel for complainant that the value of the property at the time of the conveyance in March, 1900, was in excess of the incumbrances, plus the value of the statutory exemption. Although, as before stated, the evidence is somewhat in conflict, we think the finding of the learned circuit judge to the effect that the value of the interest conveyed by the deed of March, 1900, was less than $1,500 is supported by the weight of the evidence. The property conveyed being less than the homestead exemption, the question of consideration is of no importance. *Nash* v. *Geraghty*, 105 Mich. 382 (63 N. W. 437) ; *Palmer* v. *Bray*, 136 Mich. 85 (98 N. W. 849).

We are of opinion that the learned circuit judge reached a proper conclusion in the case, and the decree is therefore affirmed.

KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.

The late Justice MCALVAY took no part in this decision.